[No. B213467. Second Dist., Div. Seven. Jan. 21, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN SOK, Defendant and Appellant.

Counsel

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Stephanie C. Brenan and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**PERLUSS, P. J.**—Following a jury trial, John Sok was convicted of two counts of attempted murder with related firearm-use and criminal street gang enhancements, as well as one count of shooting at an occupied motor vehicle and multiple counts of unlawful firearm and ammunition possession. He was sentenced as a second strike offender, based on a prior juvenile adjudication, to an aggregate state prison term of 84 years to life. On appeal Sok does not challenge his convictions but raises a number of objections to the calculation of his sentence. As Sok contends, a number of sentencing errors were made.[1] Several of Sok's claims have merit. Accordingly, we remand for resentencing.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Charges*

The charges against Sok, an admitted member of the Asian Boyz criminal street gang, arose from two separate shootings. On October 26, 2007, after asking Fernando Vega where he was from, Sok fired several shots into Vega's car, wounding a passenger, Jose Rocha, in the hand and leg. Also in the car with Vega and Rocha were Josue Jacobo and Alfredo Lopez, neither of whom was hit by the gunfire. On November 17, 2007 shots were fired at a residence during a party. Police responding to the incident were told Sok had a gun. A search of Sok's car uncovered a loaded nine-millimeter Glock pistol inside the trunk. According to a criminalist, based on bullet casings recovered from each of the crime scenes, the bullets fired in both incidents came from the nine-millimeter Glock pistol found in Sok's car.

Based on the first incident, Sok was charged with four counts of attempted willful deliberate and premeditated murder (count 3, Jose Rocha; count 4,

---

[1] In a letter to counsel prior to oral argument, the court identified additional potential sentencing errors and invited the parties to file supplemental letter briefs. (Cf. *People v. Smith* (2001) 24 Cal.4th 849, 854 [102 Cal.Rptr.2d 731, 14 P.3d 942] [an unauthorized sentence may be corrected at any time whether or not there was an objection in the trial court].)

Fernando Vega; count 5, Josue Jacobo; & count 6, Alfredo Lopez) (Pen. Code, §§ 664, 187, subd. (a))[2]; one count of unlawful possession of a firearm in violation of section 12021, subdivision (e) (count 7); one count of unlawful possession of ammunition (count 8) (§ 12316, subd. (b)(1)); and one count of shooting at an occupied motor vehicle (count 9) (§ 246). Based on the second incident, Sok was charged with one additional count of unlawful possession of a firearm and one count of unlawful possession of ammunition.

An amended information specially alleged each of the crimes had been committed to benefit a criminal street gang[3] and, as to counts 3, 4, 5, 6 and 9, specially alleged firearm-use enhancements under section 12022.53, including under section 12022.53, subdivision (d), for the attempted murder of Rocha and shooting at an occupied vehicle. It was also specially alleged Sok was subject to sentencing under the "Three Strikes" law for having suffered one prior juvenile adjudication (assault with a deadly weapon) (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). In a bifurcated proceeding before trial, Sok admitted he had suffered a prior juvenile adjudication for assault with a deadly weapon (§ 245, subd. (a)(1)) within the meaning of the Three Strikes law, and for purposes of the two counts alleging unlawful possession of a firearm by a person previously adjudged a ward of the juvenile court for committing one of a series of specified offenses (§ 12021, subd. (e)).

### 2. *The Verdict*

The jury convicted Sok of the attempted murders of Rocha and Vega, shooting at an occupied vehicle and the unlawful possession counts, but was unable to reach a verdict on the charges of attempted murder of Jacobo and Lopez. (Those counts were later dismissed on the People's motion.) Due to a clerical error in the verdict form, the jury made no findings as to premeditation with respect to the attempted murders of Rocha and Vega. The People elected not to pursue those allegations, and the defense waived any defect in the verdict form.

The jury also found true the firearm-use and criminal street gang enhancements alleged with respect to the two attempted murder counts on which it returned guilty verdicts and for shooting at an occupied vehicle. In addition, the jury found true the criminal street gang allegations with respect to the unlawful possession counts for the November 17, 2007 shooting incident, but not the October 26, 2007 incident.

---

[2] Statutory references are to the Penal Code.

[3] For simplicity on occasion this opinion uses the shorthand phrase "to benefit a criminal street gang" to refer to crimes that, in the statutory language, are committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." (§ 186.22, subd. (b); see *People v. Jones* (2009) 47 Cal.4th 566, 571, fn. 2 [98 Cal.Rptr.3d 546, 213 P.3d 997].)

### 3. *Sentencing*

The trial court sentenced Sok to an aggregate state prison term of 84 years to life. Count 3, the attempted murder of Rocha, was identified as the principal term. The court selected the middle term of seven years, plus 10 years for the criminal street gang enhancement (§ 186.22, subd. (b)(1)(C)), plus an additional 25 years to life as the enhancement for discharging a firearm causing great bodily injury (§ 12022.53, subd. (d)). The court then doubled the entire sentence (including the enhancements) under the Three Strikes law. The court imposed a concurrent sentence for the attempted murder of Vega, count 4, consisting of the middle term of seven years plus 20 years for personally discharging a firearm. The court stayed imposition of sentence on count 9, shooting at an occupied vehicle, pursuant to section 654, but identified the sentence as the middle term of five years, plus 10 years for the criminal street gang enhancement, plus 25 years to life as the enhancement for discharging a firearm causing great bodily injury. The court also imposed concurrent two-year sentences for each of the two unlawful firearm possession counts and the two unlawful possession of ammunition counts and enhanced all four counts by three years each for the criminal street gang enhancements.

## DISCUSSION

### 1. *The Trial Court Erred in Calculating Sok's Sentence for the Attempted Murder of Rocha (Count 3)*

#### a. *The court improperly doubled the enhancements imposed on count 3*

■ If, as here, a defendant has one prior strike conviction that has been pleaded and either proved or admitted,[4] the determinate term for the current felony offense is twice the term otherwise provided as punishment. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) However, enhancements are added after the determination of the base term and are not doubled. (*People v. Hardy* (1999) 73 Cal.App.4th 1429, 1433 [87 Cal.Rptr.2d 279] ["[i]n sentencing a

---

[4] Sok initially argued use of his juvenile adjudication for aggravated assault as a prior strike under the Three Strikes law violated his federal constitutional right to a jury trial. After his opening brief was filed, however, the California Supreme Court rejected a similar constitutional challenge to the use of a juvenile adjudication as a prior strike. (*People v. Nguyen* (2009) 46 Cal.4th 1007, 1028 [95 Cal.Rptr.3d 615, 209 P.3d 946] ["the absence of a constitutional or statutory right to jury trial under the juvenile law does not, under *Apprendi*[ *v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348]], preclude the use of a prior juvenile adjudication of criminal conduct to enhance the maximum sentence for a subsequent adult felony by the same person"].) Acknowledging we are bound by the *Nguyen* decision, Sok now asserts this claim solely for the purpose of preserving it for future federal review.

defendant who has one prior strike, the court may not double any enhance-ments it imposes"]; *People v. Dominguez* (1995) 38 Cal.App.4th 410, 424 [45 Cal.Rptr.2d 153] ["the terms for the offenses themselves must be doubled for a 'second strike' defendant, but no term for an enhancement is doubled"]; see *People v. Ramirez* (1995) 33 Cal.App.4th 559, 573–574 [39 Cal.Rptr.2d 374].) As the People now acknowledge, the trial court erred in doubling both the criminal street gang and the firearm-use enhancements imposed on count 3.[5]

### b. *The court properly imposed a 10–year gang enhancement on count 3*

■ Most felonies committed to benefit a criminal street gang are subject to additional prison terms of two, three or four years, at the trial court's discretion. (§ 186.22, subd. (b)(1)(A).) If the underlying crime is a serious felony, the additional term is five years (§ 186.22, subd. (b)(1)(B)); if, as here with respect to counts 3, 4 and 9, the underlying felony is a violent felony, the additional term is generally 10 years (§ 186.22, subd. (b)(1)(C)). How-ever, if the felony committed to benefit a criminal street gang is one "punishable by imprisonment in the state prison for life," rather than impose one of the determinate term enhancements provided in subdivision (b)(1)(A), (B) or (C), the court must apply a 15–year minimum parole eligibility period to the indeterminate life term pursuant to section 186.22, subdivision (b)(5). (See *People v. Lopez* (2005) 34 Cal.4th 1002, 1007 [22 Cal.Rptr.3d 869, 103 P.3d 270]; *People v. Fiu* (2008) 165 Cal.App.4th 360, 390 [81 Cal.Rptr.3d 32].)

■ Noting that his aggregate sentence on count 3 results in an indetermi-nate life term because the court imposed a 25-year-to-life enhancement for his personal discharge of a firearm causing great bodily injury under section 12022.53, subdivision (d), Sok argues the parole limitation of section 186.22, subdivision (b)(5), is applicable, and the 10-year enhancement in section 186.22, subdivision (b)(1)(C), is not. The Supreme Court considered and rejected an identical argument in *People v. Montes* (2003) 31 Cal.4th 350 [2 Cal.Rptr.3d 621, 73 P.3d 489]. As here, the defendant in *Montes* was convicted of attempted murder; the trial court found he had caused great

---

[5] In his argument at the sentencing hearing Deputy District Attorney Patrick O'Crowley incorrectly suggested the enhancements, as well as the base term, were to be doubled for a second strike offender. The trial court accepted this misstatement of the law, and defense counsel registered no objection.

bodily injury by personally and intentionally discharging a firearm (§ 12022.53, subd. (d)) and had committed the crime to benefit a criminal street gang (§ 186.22). At issue in *Montes* was whether a crime subject to the additional punishment provided for in subdivision (d) of section 12022.53 is "a felony punishable by imprisonment . . . for life" within the meaning of subdivision (b)(5) of section 186.22. The Supreme Court held it was not, explaining that subdivision (b)(5) of section 186.22 "applies only where the felony by its own terms provides for a life sentence." (*Montes*, at p. 352.) Because attempted murder is a violent felony within the meaning of section 186.22, subdivision (b)(1)(C), the trial court in *Montes*—and the trial court in the case at bar—properly applied a consecutive 10-year term for the criminal street gang enhancement. (See *Montes*, at pp. 353, 362.)

In sum, the proper sentence for count 3, using the middle term for attempted murder, was seven years, doubled to 14 years, plus 10 years for the gang enhancement and 25 years to life for the firearm-use enhancement, for an aggregate sentence of 49 years to life.[6]

2. *The Trial Court Erred in Applying the Criminal Street Gang Enhancement to Sok's Sentence for Shooting at an Occupied Vehicle (Count 9)*

As he did with respect to the sentence imposed on count 3, Sok argues the trial court erred in imposing a 10-year criminal street gang enhancement under section 186.22, subdivision (b)(1)(C), to count 9, shooting at an occupied vehicle, because the imposition of a 25-year-to-life firearm-use enhancement triggers the provisions of section 186.22, subdivision (b)(5). As discussed above, under *People v. Montes, supra*, 31 Cal.4th 350, subdivision (b)(5) of this section is not applicable unless the felony by its own terms provides for a life sentence.

---

[6] Although neither party challenged the calculation of the concurrent sentence imposed on count 4, the attempted murder of Vega, because we remand the matter for resentencing, we note the court erred in failing to either double the seven-year base term or dismiss the prior strike pursuant to section 1385. The court was jurisdictionally obligated to do one or the other. (See *People v. Morales* (2003) 106 Cal.App.4th 445, 454–455 [130 Cal.Rptr.2d 800] ["failure to double subordinate terms when a prior violent or serious felony conviction allegation has been found to be true is a jurisdictional error . . ."]; *People v. Bradley* (1998) 64 Cal.App.4th 386, 390–391 [75 Cal.Rptr.2d 244] ["The trial court had a duty to impose sentence in accord with the law. [Citations.] The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction for the first time on appeal."].) Similarly, the court failed to impose a 10-year criminal street gang enhancement on this count pursuant to section 186.22, subdivision (b)(1)(C), or to strike the additional punishment for the enhancement pursuant to section 186.22, subdivision (g).

■ Although Sok's argument is misplaced, he is correct the trial court erred in imposing a 10-year criminal street gang enhancement on count 9 pursuant to section 186.22, subdivision (b)(1)(C). Section 186.22, subdivision (b)(4), not subdivision (b)(1)(C), is applicable if the felony committed to benefit a criminal street gang is "a home invasion robbery . . . ; carjacking . . . ; a felony violation of Section 246 [the crime committed here]; or a violation of Section 12022.55." (§ 186.22, subd. (b)(4)(B).) Rather than a determinate term enhancement, section 186.22, subdivision (b)(4), provides for an indeterminate life term as a mandatory alternate penalty "with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (A) The term determined . . . pursuant to [the determinate sentencing law] for the underlying conviction . . . [or] [¶] (B) [i]mprisonment in the state prison for 15 years . . . ." (§ 186.22, subd. (b)(4); see *People v. Jones, supra*, 47 Cal.4th at p. 571.)[7]

Under section 186.22, subdivision (b)(4)(B), Sok was subject to an indeterminate life sentence on count 9 of 55 years to life: a minimum term for the indeterminate life sentence of 15 years, doubled under the Three Strikes law (see *People v. Jefferson* (1999) 21 Cal.4th 86, 99, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441] [§ 186.22, subd. (b)(5) establishes a minimum term of 15 years before parole eligibility that is subject to doubling under the Three Strikes law]), plus 25 years to life for the firearm-use enhancement under section 12022.53, subdivision (d). Because the minimum term of the indeterminate sentence calculated under section 186.22, subdivision (b)(4)(A) is greater than 15 years, however, the subdivision (b)(4)(A) formula must be used by the trial court on remand.[8]

---

[7] The amended information specifically identifies section 186.22, subdivision (b)(4)(B), and alleges Sok should be sentenced pursuant to that provision. However, when discussing count 9 at the sentencing hearing, Deputy District Attorney O'Crowley indicated a 10-year gang enhancement was appropriate.

[8] Although the amended information cited section 186.22, subdivision (b)(4)(B), rather than subdivision (b)(4)(A) or (B), or even more simply subdivision (b)(4), as the basis for imposing an alternate penalty because the crime was committed to benefit a criminal street gang, "[n]o accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits." (§ 960.) Sok was plainly on notice an alternate penalty or enhancement would be sought in connection with count 9, as well as the factual basis for that special allegation. He makes no claim of prejudice from any miscitation, nor can we conceive of any under the circumstances of this case. (See *People v. Thomas* (1987) 43 Cal.3d 818, 826 [239 Cal.Rptr. 307, 740 P.2d 419] [constitutional principles of due process are satisfied as long as the information apprises the defendant of the potential for the enhanced penalty and alleges all facts necessary to establish its applicability]; *People v. Neal* (1984) 159 Cal.App.3d 69, 72–73 [205 Cal.Rptr. 384] [no due process violation by citation in information to wrong enhancement provision if defendant had notice prosecution was seeking enhanced punishment and the facts supporting enhancement]; *People v. Tardy* (2003) 112 Cal.App.4th 783, 787 [6 Cal.Rptr.3d 24] [same].)

Application of section 186.22, subdivision (b)(4)(A), initially involves a sentencing choice by the trial court because the normal determinate term triad for violating section 246 is three, five or seven years. If this were not a second strike case, in calculating the minimum term of the indeterminate term under subdivision (b)(4)(A), the trial court would add 25 years to the base term selected—the "determinate" portion of the otherwise applicable firearm-use enhancement—for an indeterminate life term of 28, 30 or 32 years to life. Because Sok admitted before trial he had suffered a prior juvenile adjudication that qualified as a strike under the Three Strikes law, the minimum term of this alternate penalty provision must be doubled to 56, 60 or 64 years to life. (§ 667, subd. (e)(1) ["[i]f a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction"]; see *People v. Jefferson, supra,* 21 Cal.4th at p. 101.) Although doubling the minimum term for an indeterminate term calculated under subdivision (b)(4)(A) in this case includes the 25-year portion of the minimum term attributable to the firearm-use enhancement, because subdivision (b)(4)(A) sets forth an alternate penalty for the underlying felony itself when the jury has determined the defendant has satisfied the gang-related conditions specified in the statute (see *People v. Jones, supra,* 47 Cal.4th at p. 578), this result is mandated by the clear language of section 667, subdivision (e)(1), and is not inconsistent with the prohibition against doubling the term for an enhancement. (See *Jefferson,* at p. 96 [phrase "minimum term for an indeterminate term" as used in § 667, subd. (e)(1), includes statutes "requiring a prisoner to serve a specified term of incarceration before being released on parole"].)

█ That said, an additional term of 25 years to life for the firearm-use enhancement under section 12022.53, subdivision (d), is not properly added to the 56-, 60- or 64-year-to-life term since the enhancement was already used as the basis for determining the minimum term under section 186.22, subdivision (b)(4)(A). As the Supreme Court explained in *People v. Montes, supra,* 31 Cal.4th at page 361, section 186.22, subdivision (b)(4)(A) "*combines* an underlying felony with an enhancement in order to establish a minimum term." That is, instead of the firearm-use enhancement being added to a determinate base term for the underlying crime, it is incorporated into an indeterminate sentence when fixing the minimum term (assuming the total number of years exceeds 15). Having used the enhancement once in this manner, it cannot be used a second time with respect to the count 9 offense. (§ 12022.53, subd. (f) ["[o]nly one additional term of imprisonment under

this section shall be imposed per person for each crime"]; see also *People v. Jenkins* (1995) 10 Cal.4th 234, 253 [40 Cal.Rptr.2d 903, 893 P.2d 1224] [under habitual offender statute, § 667.7, subd. (a)(1), five-year prior-conviction enhancement under § 667, subd. (a), may not be included in calculation of defendant's minimum term and also imposed consecutively onto the life term; "court is required to use applicable enhancements to calculate the offender's hypothetical sentence apart from section 667.7—a sentence which, if greater than 20 years, defines the defendant's minimum period of required imprisonment. Nothing in the statute suggests that the Legislature intended that those *same* enhancements be used again to add an additional term of imprisonment onto the life term."]; but see *People v. Dotson* (1997) 16 Cal.4th 547, 559–560 [66 Cal.Rptr.2d 423, 941 P.2d 56] [five-year enhancement for prior convictions under § 667, subd. (a), should be added to life sentence imposed under Three Strikes law even though they were already used in calculating the minimum term];[9] *People v. Coker* (2004) 120 Cal.App.4th 581, 589–590 [15 Cal.Rptr.3d 553] [firearm-use enhancement properly included in calculation of minimum indeterminate Three Strikes term and separately added to the life term as an enhancement].)

■   Although we conclude the section 12022.53 gun enhancement should not be used both to establish the minimum term of the indeterminate life term under section 186.22, subdivision (b)(4)(A), and as a separate enhancement of that life term—an interpretation of the statutes with which the Attorney General appeared to agree at oral argument—we acknowledge the issue is not free from doubt and could, in at least certain circumstances, produce a somewhat anomalous result. For example, in a case without special allegations under the Three Strikes law, a defendant convicted of shooting at an occupied vehicle for the benefit of a criminal street gang with a firearm-discharge enhancement alleged under section 12022.53, subdivision (c), would be sentenced to a state prison term of 35 years to life if section 186.22, subdivision (b)(4)(B) applied: 15 years to life plus 20 years for personally discharging a firearm. However, under section 186.22, subdivision (b)(4)(A), using the middle term of five years for the section 246 violation, the

---

[9] In concluding an enhancement could be used to calculate the minimum term of a Three Strikes sentence under section 1170.12, subdivision (c)(2)(A)(iii), and also added to the life sentence imposed, the Supreme Court in *People v. Dotson, supra,* 16 Cal.4th 547 distinguished its earlier decision in *People v. Jenkins, supra,* 10 Cal.4th 234, by citing specific language in the Three Strikes law requiring that (1) the life term must be imposed " 'in addition to any other enhancements or punishment provisions which may apply,' " and (2) the life term must be " 'served consecutive to any other term of imprisonment.' " (*Dotson,* at pp. 559–560, quoting § 1170.12, subd. (c), (c)(2)(B).) No language similar to that contained in the Three Strikes law is included in section 186.22.

minimum term of the indeterminate life term would be 25 years. Because that minimum term is greater than 15 years, it must be selected as the minimum term pursuant to the plain language of section 186.22, subdivision (b)(4). Yet, if, as we hold, the gun enhancement is not then properly added to the indeterminate term of imprisonment for the offense itself because it was used in calculating the minimum term of the life term, the total sentence for this charge would be 25 years to life, rather than 35 years to life, the result under subdivision (b)(4)(B). Nonetheless, as the Supreme Court has observed in another, related context, "Proposition 21 [which added subdivision (b)(4) to section 186.22] recognized that not all of its provisions necessarily established the greatest possible punishment." (*People v. Lopez, supra,* 34 Cal.4th at p. 1009.)

### 3. *The Trial Court Needs to Reconsider Whether to Stay Count 3 or 9 Pursuant to Section 654*

■ Section 654[10] prohibits punishment for two offenses arising from the same act or from a series of acts constituting an indivisible course of conduct. (*People v. Lewis* (2008) 43 Cal.4th 415, 419 [75 Cal.Rptr.3d 588, 181 P.3d 947]; *People v. Latimer* (1993) 5 Cal.4th 1203; 1216 [23 Cal.Rptr.2d 144, 858 P.2d 611].) "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839]; see *Latimer,* at p. 1208.) On the other hand, if the defendant entertained multiple criminal objectives that were independent and not incidental to each other, he or she "may be punished for each statutory violation committed in pursuit of each objective" even though the violations were otherwise part of an indivisible course of conduct. (*People v. Harrison* (1989) 48 Cal.3d 321, 335 [256 Cal.Rptr. 401, 768 P.2d 1078].) " 'The principal inquiry in each case is whether the defendant's criminal intent and objective were single or multiple.' [Citation.] 'A defendant's criminal objective is "determined from all the circumstances . . . ." ' " (*In re Jose P.* (2003) 106 Cal.App.4th 458, 469 [130 Cal.Rptr.2d 810].)

---

[10] Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

The trial court concluded—and the People do not dispute—Sok had but a single criminal intent and objective when he shot into Vega's car and attempted to murder both Rocha and Vega. Accordingly, the court properly determined under section 654 Sok could not be sentenced for both attempted murder and shooting at an occupied vehicle. However, section 654 requires the court to impose punishment under the provision that provides for the longest potential term of imprisonment. Properly calculated, the sentence for count 9 is greater than concurrent sentences for counts 3 and 4. Accordingly, absent different discretionary sentencing choices by the trial court, on remand the court should impose the aggregate sentence for count 9, discussed above, while staying the sentences on counts 3 and 4 pursuant to section 654.

### 4. The Trial Court Improperly Sentenced Sok on the Unlawful Gun Possession and Ammunition Counts

The trial court committed several errors in sentencing Sok on the unlawful gun possession and unlawful possession of ammunition counts. First, as the People concede, having sentenced Sok for his two convictions for unlawful possession of a firearm (§ 12021, subd. (e)), the trial court erred in failing to stay the sentences for counts 2 and 8 (unlawful possession of ammunition, § 12316, subd. (b)(1)) pursuant to section 654 because the ammunition at issue in those two counts was either loaded into Sok's handgun or had been fired from that gun.[11] There is no evidence in the record that would support the trial court's implied factual finding that Sok had different or multiple objectives in possessing the loaded firearm and possessing the ammunition in the gun itself.

Second, as the People also acknowledge, the trial court erred when it imposed criminal street gang enhancements on counts 7 and 8 (the unlawful firearm possession and unlawful possession of ammunition charges arising out of the Oct. 26, 2007 incident) because those allegations were found not true by the jury. Finally, the trial court erred by failing to double the base term in counts 1, 2, 7 and 8 pursuant to the Three Strikes law.

---

[11] Although Sok did not object to the sentences in the trial court, " '[e]rrors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court or assigned as error on appeal.' " (*People v. Hester* (2000) 22 Cal.4th 290, 295 [92 Cal.Rptr.2d 641, 992 P.2d 569].)

## DISPOSITION

The sentence imposed in this matter is vacated and the matter remanded for resentencing. In all other respects the judgment is affirmed.

Woods, J., and Zelon, J., concurred.

A petition for a rehearing was denied February 5, 2010.