Filed 5/24/13  P. v. Garzon CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM WESLEY GARZON,<br><br>    Defendant and Appellant. | B240633<br><br>(Los Angeles County<br>Super. Ct. No. KA093699) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Steven D. Blades, Judge.  Affirmed in part and reversed in part with directions.

———

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Seth P. McCutcheon, Deputy Attorneys General, for Plaintiff and Respondent.

———

An amended information, filed on March 12, 2012, charged William Wesley Garzon with five counts: (1) murder (Pen. Code, § 187, subd. (a)); (2) driving under the influence of any alcoholic beverage or drug (Veh. Code, § 23152, subd. (a)); (3) driving with a blood alcohol percentage of .08 percent or higher (Veh. Code, § 23512, subd. (b)); (4) driving with knowledge of a suspended license (Veh. Code, § 14601.5, subd. (a)); and (5) gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)). The amended information specially alleged that Garzon had prior convictions for driving under the influence of alcohol and driving with a blood alcohol percentage of .08 percent or higher (Veh. Code, § 23512, subds. (a) & (b)), once in 2008 and again in 2010, and a prior conviction for driving with knowledge of a suspended license (Veh. Code, § 14601.5, subd. (a)). After trial, the jury found Garzon guilty on counts 2 through 5 and found true the special allegations regarding his prior convictions. The jury was unable to reach a verdict on count 1, and the trial court dismissed that count without prejudice. The court sentenced Garzon to a state prison term of 16 years 348 days to life, consisting of 15 years to life for gross vehicular manslaughter while intoxicated, with prior convictions under Vehicle Code section 23512, plus a consecutive one-year term for driving with knowledge of a suspended license and 348 days for a probation violation. The court imposed one-year prison terms for the convictions for driving under the influence of any alcoholic beverage or drug and driving with a blood alcohol percentage of .08 percent or higher but stayed execution of those sentences pursuant to Penal Code section 654 (section 654).

On appeal, Garzon does not challenge his convictions but argues that the trial court erred by failing to stay pursuant to section 654 execution of sentence of the one-year term imposed for driving with knowledge of a suspended license. We disagree.

A defendant may be convicted of, but not punished for, more than one crime arising out of the same course of conduct. (Pen. Code, §§ 954, 654.) Under section 654, subdivision (a), "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished

2

under more than one provision." "Section 654 [thus] prohibits punishment for two offenses arising from the same act or from a series of acts constituting an indivisible course of conduct. [Citations.] 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' [Citations.] On the other hand, if the defendant entertained multiple criminal objectives that were independent and not incidental to each other, he or she 'may be punished for each statutory violation committed in pursuit of each objective' even though the violations were otherwise part of an indivisible course of conduct. [Citation.] '"The principal inquiry in each case is whether the defendant's criminal intent and objective were single or multiple." [Citation.] "A defendant's criminal objective is 'determined from all the circumstances . . . .'"' [Citation.]" (*People v. Sok* (2010) 181 Cal.App.4th 88, 99, fn. omitted.) "The defendant's intent and objective are factual questions for the trial court; there must be evidence to support a finding the defendant formed a separate intent and objective for each offense for which he was sentenced. [Citation.]" (*People v. Adams* (1982) 137 Cal.App.3d 346, 355.)

In sentencing Garzon, the trial court found that he had multiple criminal objectives in driving with knowledge of a suspended license and in committing gross vehicular manslaughter while intoxicated. The court stated, "I'll just indicate for the record my reasoning for not staying [execution of sentence on count 4] pursuant to section 654, [while] [defense counsel] may be correct that it is a crime that should be stayed, I disagree because I think there was evidence in this case that the defendant drove from the alcohol rehab class to pick up [the victim], and he was in violation of 14601[.5] when he did that. Then he changed places at the 7-Eleven and drove [the victim], a mile and a half later was in the collision. So I think those crimes are really separate." The evidence supports the court's finding. According to the evidence, Garzon drove from his drug and alcohol program to the victim's home to pick her up to go out on the evening of March 17, 2011. Then, after Garzon and the victim were at a bar drinking, the

3

victim drove them in the early hours of March 18, 2011, to a 7-Eleven. Upon leaving the 7-Eleven, Garzon drove the victim to take her home, but crashed his vehicle several minutes later in route to her house, while his blood alcohol percentage was somewhere between .14 percent and .18 percent. The reasonable inference from this evidence is that Garzon drove with knowledge of a suspended license so that he could travel from his drug and alcohol program to pick up the victim for the evening and then committed gross vehicular manslaughter while intoxicated when he crashed his vehicle early the next morning, causing the victim's death, while driving with a blood alcohol percentage well above the legal limit. The crimes, therefore, involved multiple criminal objectives, and, as a result, the court was not required to stay execution of sentence on count 4 for driving with knowledge of a suspended license.

Garzon also contends, and the People agree, that the trial court erred by imposing a 15-percent limitation on the award of his conduct credits on the theory that gross vehicular manslaughter while intoxicated is a violent felony under Penal Code section 667.5, subdivision (c), because he received a life term. (See Pen. Code, §§ 2933.1, subd. (a) ["any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit"], 667.5, subd. (c)(7) [violent felony includes "[a]ny felony punishable by death or imprisonment in the state prison for life"].) Although Garzon received a life term for the offense of gross vehicular manslaughter while intoxicated, the life term resulted from his prior convictions for violating Vehicle Code section 23512. (See Pen. Code, § 191.5, subd. (d).) The offense of gross vehicular manslaughter while intoxicated is not a crime listed in Penal Code section 667.5, subdivision (c), as a violent felony. (*In re Pope* (2010) 50 Cal.4th 777, 780 [gross vehicular manslaughter while intoxicated "is not a qualifying violent felony for the purpose of the credit restrictions imposed by section 2933.1(a)"].) Thus, the 15-percent limitation on conduct credits does not apply. Because the court incorporated its award of conduct credits into the sentence for Garzon's probation violation, we remand the matter for the court to recalculate conduct

4

credits, and resentence Garzon for the probation violation, without the 15-percent limitation.

## DISPOSITION

The judgment is reversed to the extent that the trial court imposed a 15-percent limitation in calculating Garzon's conduct credits. The matter is remanded for the court to recalculate Garzon's conduct credits without the 15-percent limitation and accordingly adjust the sentence imposed for his probation violation. In all other respects, the judgment is affirmed. The court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.[1]

NOT TO BE PUBLISHED.


ROTHSCHILD, J.


We concur:


MALLANO, P. J.


CHANEY, J.

---

[1] The amended abstract of judgment also shall reflect the one-year sentences for counts 2 and 3 imposed and stayed pursuant to section 654, the one-year sentence imposed for count 4 and the sentence imposed on remand for the probation violation. The current abstract of judgment does not reference counts 2 through 4 or the probation violation.