Filed 12/1/14  P. v. Harris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C071577 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF11517 & CRF12173) |
| v. | |
| BOB COLBURN HARRIS, JR., | |
| Defendant and Appellant. | |

Defendant Bob Colburn Harris, Jr., appeals from a judgment sentencing him to state prison for eight years.  He contends the trial court violated Penal Code section 654[1] when it imposed punishment for both felon in possession of a firearm (§ 12021, subd. (a)(1)) and unlawful possession of ammunition (§ 12316, subd. (b)(1)).

We affirm.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2012, in consolidated felony complaint CRF11-517, defendant pleaded guilty to possession of a dirk or dagger (§ 12020, subd. (a)(4) – count 3), possession of a firearm by a felon (§ 12021, subd. (a)(1) – count 4); possession of ammunition by a felon (§ 12316, subd. (b)(1) – count 5), and receiving stolen property (§ 496, subd. (a) – count 6). In exchange for defendant's pleas, he was guaranteed a maximum prison sentence of no more than five years. Defendant entered a waiver pursuant *People v. Cruz* (1988) 44 Cal.3d 1247, whereby he would be released on his own recognizance and if he returned to court for sentencing as ordered and had complied with the terms of his release, counts five and six, possession of ammunition by a felon and receiving stolen property, would be dismissed and his resulting sentence would be two years eight months.

Defendant failed to appear for sentencing. He was later arrested and charged in a new case, No. CRF12-173, with transportation of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) with an on-bail enhancement (§ 12022.1), and with providing false information to a peace officer (§ 148.9, subd. (a)). On May 30, 2012, defendant pleaded no contest to the methamphetamine transportation charge and admitted the on-bail enhancement in exchange for a term of three years to run consecutive to the sentence that would be imposed in case No. CRF11-517.

On June 25, 2012, in case no. CRF11-517, the court imposed an aggregate term of five years, consisting of three years for carrying a concealed dagger, consecutive terms of eight months each for felon in possession of a firearm, felon in possession of ammunition, and receiving stolen property. In case no. CRF12-173, the court imposed the agreed upon three-year consecutive term.

The factual basis for defendant's plea was taken from the Yuba County Sheriff's Department report no. 11-4397, which is summarized in the probation officer's report. According to the probation report, deputies searched a shed next to a trailer where

defendant was living. "Within the shed, deputies found three firearms, numerous rounds of ammunition,[2] two I-Mac computers, and credit and identification cards in plain view. One of the laptops belonged to Orin H., who reported a residential burglary on June 11, 2011. The second I-Mac belonged to Eduard B. The deputies ran the serial numbers of the guns and determined that the Ruger .22 caliber semi-automatic had a registered owner of Ronald A. There were 107 rounds of ammunition, a Savage 12 gauge single shot shotgun, and a Winchester .3006 caliber bolt action rifle. Also located was an Epiphone guitar and telescope stolen during a residential burglary in Smartsville."

## DISCUSSION

Relying on *People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*), defendant contends the consecutive eight-month sentences imposed for possession of a firearm and possession of ammunition violated section 654's proscription against multiple punishment for a single criminal act because his "possession of the guns and ammunition was a single criminal act committed for a single criminal objective -- illegal possession of a loaded firearm." We find *Lopez* distinguishable and reject defendant's claim.

Section 654 provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

"Section 654 prohibits punishment for two offenses arising from the same act or from a series of acts constituting an indivisible course of conduct. [Citations.] 'Whether

---

[2] The probation report did not specify the caliber of the ammunition. Nor did it state how it was packaged and where it was located within the storage shed relative to the firearms. No evidence was before the trial court indicating whether the ammunition could or could not be fired in the weapons that were found. The briefing of the parties appears to assume the ammunition could be fired from one or more of the firearms that were found.

a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' [Citations.] On the other hand, if the defendant entertained multiple criminal objectives that were independent and not incidental to each other, he or she 'may be punished for each statutory violation committed in pursuit of each objective' even though the violations were otherwise part of an indivisible course of conduct. [Citation.] ' "The principal inquiry in each case is whether the defendant's criminal intent and objective were single or multiple." [Citation.] "A defendant criminal objective is 'determined from all the circumstances. ….' " ' [Citation.]." (*People v. Sok* (2010) 181 Cal.App.4th 88, 99.) The trial court's ruling on the applicability of section 654, express or implied, will be affirmed on appeal if supported by substantial evidence. (*People v. Bui* (2011) 192 Cal.App.4th 1002, 1015.)

In *Lopez*, the defendant was sentenced for unlawful possession of a firearm and unlawful possession of ammunition based upon a patdown search which revealed a loaded gun in the defendant's pocket. (*Lopez*, *supra*, 119 Cal.App.4th at pp. 135, 137.) The appellate court ordered the sentence for the ammunition possession stayed, stating: "While there may be instances when multiple punishment is lawful for possession of a firearm and ammunition, the instant case is not one of them. *Where, as here, all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment.*" (*Id.* at p. 138, italics added.)

The circumstances in *Lopez* are a far cry from those of the present case. This is not a case where defendant was caught with a loaded gun on his person. Instead, he possessed multiple firearms and a separate cache of ammunition hidden in a storage shed, including a handgun, a shotgun, and a rifle and 107 rounds of ammunition. At least one of the firearms was registered to someone other than defendant and defendant also possessed two computers stolen from two other persons, and a stolen guitar and

4

telescope. This evidence suggests defendant's intent to receive and sell stolen property, including guns and ammunition. There is no evidence that defendant possessed the guns and ammunition together for the single objective of possessing loaded firearms, as defendant claims. Consequently, substantial evidence supports the trial court's decision to sentence defendant on both the gun possession and ammunition possession charges.

## DISPOSITION

The judgment is affirmed.

                                    MURRAY            , J.


We concur:


        NICHOLSON        , Acting P. J.


        DUARTE          , J.