Filed 4/25/22  P. v. Norwood CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYON JEREMIAH NORWOOD,<br><br>    Defendant and Appellant. | F082448<br><br>(Super. Ct. No. BF164789A)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephanie A. Mitchell and Daniel B. Bernstein, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Franson, J. and Peña, J.

Rayon Jeremiah Norwood was convicted of nine crimes, with gun and gang enhancements, in connection with a home invasion robbery that entailed torture and shooting of an elderly resident. After an initial appeal, this court reversed one conviction and struck three prior prison term enhancements. It also remanded the case for the trial court to clarify its sentence on count 2—80 years to life for robbery of an inhabited dwelling in concert with others—and to consider its newly granted discretion to strike the previously imposed gun and prior serious felony enhancements. (*People v. Norwood* (June 11, 2020; F076664) [nonpub. opn.].)

On remand, the trial court declined to strike any of the gun or prior conviction enhancements. It then resentenced Norwood on all counts, including a term of 78 years to life in prison on count 2. Norwood contends that the basis for the court's sentence on count 2 remains unclear and unauthorized, warranting another remand. We accept the People's concession and remand.

## STATEMENT OF THE FACTS[1]

On July 6, 2016, Norwood and Asia Davis, along with two other unidentified males, gained entry into the home of 81-year-old Florence M. When Florence M. could not open the gun safe in the house, she was knocked unconscious, stomped on, and shot in the leg. Florence M. summoned for help the next morning. Her injuries were permanent and rendered her unable to live unassisted, as she had prior to the robbery.

Florence M.'s house had been burglarized several times in the past. And in July of 2010, Norwood was found in possession of a firearm that had been stolen from the Florence M. gun safe earlier that month.

A day after the July 6, 2016, break-in, officers traced Norwood to the home of Latasha Hunter through a handicap parking placard found near the Florence M. home.

---

**1** The statement of the facts is brief, as they are not at issue, and taken from our earlier opinion (case No. F076664), of which we take judicial notice.

2.

Norwood was pat searched, and officers found Florence M.'s credit cards and her checkbook in his possession. Norwood could not be excluded as the source of DNA on cigarette butts found at the crime scene. The gun Norwood placed under Hunter's mattress earlier that day likely fired the .40-caliber casing found at the Florence M. house.

## STATEMENT OF THE CASE

Norwood was convicted by jury of nine felonies: count 1, attempted premeditated murder (Pen. Code, §§ 664/187, subd. (a))[2]; count 2, robbery in concert (§ 213, subd. (a)(1)(A)); count 3, torture (§ 206); count 4, aggravated mayhem (§ 205); count 5, burglary (§ 460, subd. (a)); count 6, active participation in a criminal street gang (§ 186.22, subd. (a)); count 7, unlawful possession of a firearm (§ 29800, subd. (a)(1)); count 8, elder abuse (§ 368, subd. (b)(1)); and count 9, resisting arrest (§ 148.10, subd. (a)). The jury also found true firearm enhancements in counts 1, 2, 3, and 4 (§ 12022.53); firearm enhancements in counts 5, 6, and 8 (§ 12022.5, subd. (a)); and gang enhancements in counts 1, 2, 3, 4, 5, 7, and 8 (§ 186.22, subd. (b)(1)). The trial court found true allegations of a prior strike (§ 667, subds. (b)-(i)), a prior serious felony conviction (§ 667, subd. (a)), and two prior prison terms (§ 667.5, subd. (b)).

The trial court sentenced Norwood to 80 years to life on count 2, a consecutive 30 years to life on count 3, plus five years for the prior serious felony conviction and one year for the prison prior. It also sentenced him to a consecutive 14 years for count 9, comprised of eight years plus six years for the prior serious felony conviction. Terms on the remaining counts and enhancements were stayed (§ 654).

In an opinion issued on June 11, 2020, this court reversed Norwood's conviction and corresponding sentence on count 6, and instructed the trial court to consider its newly granted discretion to strike the gun use enhancements (§§ 12022.5, subd. (a), 12022.53,

---

[2]     All further statutory references are to the Penal Code unless otherwise stated.

subd. (d)) and the prior serious felony enhancements (§ 667, subd. (a)(1)). Pursuant to Senate Bill No. 136, this court struck the prior prison term enhancement (§ 667.5, subd. (b)) imposed on counts 1, 3, and 4.

This court also remanded the case "for the purpose of clarification as to the sentence on count 2." The record shows that the trial court pronounced sentence on count 2 as follows: "Probation as to Count Two. Probation is denied, and the defendant is sentenced to the Department of Corrections for the terms prescribed by law of life with minimum parole eligibility date of 80 years." The language in the minute order is the same. In his first appeal, Norwood argued that, since he was charged in count 2 with first degree robbery, which includes "home invasion robbery," defined in section 213, subdivision (a)(1)(A), and because the jury found the section 186.22, subdivision (b)(1) enhancement true, his minimum parole date on his life sentence was 15 years doubled to 30 because of his strike. (§ 186.22, subd. (b)(4)(B).) As such, Norwood claimed the 50 years remaining portion of the 80 years to life was the section 12022.53, subdivision (d) enhancement of 25 years, incorrectly doubled. While Norwood's analysis made sense, we were unable to decipher from the record what the count 2 sentence consisted of, and for that reason remanded for clarification.

On remand, the trial court declined to exercise its discretion to strike any of the firearm enhancements or the five-year prior serious felony conviction enhancements. In light of the reversal on count 6, the trial court resentenced Norwood on the remaining eight counts as follows: life in prison with a minimum parole eligibility of 78 years on count 2; a life term with no parole eligibility until 30 years on count 3, plus a consecutive five years for the prior serious felony conviction; eight years (the upper term of four years, doubled) on count 9, plus five years for the prior serious felony conviction. Terms on the remaining counts and enhancements were stayed (§ 654).

## DISCUSSION

Norwood now contends that the basis for the trial court's sentence of 78 years to life on count 2 remains unclear and appears to be unauthorized. Respondent agrees, as do we, and we again remand for the trial court to clarify or amend that part of its sentence.

In pronouncing sentence on count 2, the trial court did not explain how it arrived at 78 years as the minimum eligible parole date for Norwood's life term, stating simply, "The defendant is sentenced to the Department of Corrections for a term as prescribed by law of [l]ife with a minimum parole eligibility date of 78 years." The abstract of judgment does not specify the minimum parole eligibility date for either count 2 or 3.

It appears that the trial court took its cue from the probation report, which recommended, without explanation, a sentence of 78 years to life on count 2. Because count 2 was a home invasion robbery, the jury's true finding on the gang allegation required a sentence of 15 years to life in prison. (See §§ 213, subd. (a)(1)(A), 186.22, subd. (b)(4)(B).) Norwood's "strike" prior would have doubled that term to 30 years to life in prison. The section 12022.53, subdivision (d) firearm enhancement would have added another 25 years to life, and the prior serious felony conviction enhancement (§ 667, subd. (a)) another five years. (See *People v. Sok* (2010) 181 Cal.App.4th 88, 93-94 [when the sentence for an offense is doubled pursuant to the Three Strikes law, enhancements are added afterwards and are not doubled].) As such, it appears that the sentence on count 2 should have been 60 years to life in prison and not 78 years to life.

However, because there is no explanation for the basis of the minimum parole eligibility date on count 2, we again remand to the trial court to clarify or amend its sentence on count 2.

## DISPOSITION

The case is remanded for the sole purpose of clarifying or amending the sentence on count 2. A corrected abstract of judgment is to be sent to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.