Filed 5/28/26  P. v. Tatum CA1/4

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW DEECE TATUM,<br><br>      Defendant and Appellant. | A173117<br><br>(Solano County Super.<br>Ct. No. F2400358) |

A jury convicted Matthew Deece Tatum of being a felon in possession of a firearm (Pen. Code,[1] § 29800, subd. (a)(1)), felony possession of ammunition (§ 30305, subd. (a)(1)) and misdemeanor possession of methamphetamine (Health and Saf. Code, § 11377, subd. (a)).  In a bifurcated proceeding, the jury found true the allegation that Tatum suffered a prior prison term.

On appeal, Tatum argues the trial court erred by imposing a concurrent sentence related to his possession of ammunition conviction (Count 3).  The Attorney General concedes the error, concluding that we "should direct the trial court to stay the sentence imposed for count 3."  After our own review, we agree.

---

[1] All undesignated statutory references are to the Penal Code.

1

## BACKGROUND

Just before midnight on February 15, 2024, Vallejo Police Department Officer Sarah Phipps saw a car stopped at an intersection despite having a green light. The car's front license plate was missing. Tatum was the driver and sole occupant. Officer Phipps initiated a traffic stop for blocking a lane of traffic.

After she stopped Tatum, Officer Phipps learned that Tatum was subject to a search condition. She informed Tatum that she was going to perform a search.

Office Phipps and a second officer on scene, Officer Escalante, conducted a pat-down search of Tatum and did not locate any contraband. Upon searching the car, Officer Phipps discovered a loaded .22-caliber semiautomatic firearm on the floor beneath the driver's side car seat. The officers also located 2.22 grams of methamphetamine and 3.86 grams of fentanyl in various containers in the back seat.

By information, the Solano County District Attorney charged Tatum with possession of a controlled substance with a firearm (Health and Saf. Code, § 11370.1, subd. (a); Count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1); Count 2), felony possession of ammunition (§ 30305, subd. (a)(1); Count 3), possession of a controlled substance [cocaine] (Health and Saf. Code, § 11350, subd. (a); Count 4), possession of a controlled substance [methamphetamine] (Health and Saf. Code, § 11377, subd. (a); Count 5), and possession of burglar's tools (§ 466; Count 6). The information further alleged as aggravating factors that Tatum had served a prior prison term and was on probation, mandatory supervision, post-release community supervision, or parole when the crimes were committed. (Cal. Rules of Court, rule 4.421(b)(3), (b)(4).)

During pre-trial proceedings, the trial court dismissed Counts 1 and 6 on the District Attorney's motion. After the jury trial began, the court dismissed Count 4 on the District Attorney's motion. The jury found Tatum guilty of the three remaining charges, namely possession of a firearm by a felon as alleged in Count 2, felony possession of ammunition as alleged in Count 3, and possession of a controlled substance (methamphetamine) as alleged in Count 5. The jury also found true the allegation that Tatum had served a prior prison term.

The trial court sentenced Tatum to the low term of 16 months on Count 2 for the possession of firearm by a felon conviction. The court imposed a concurrent low term 16-month sentence on Count 3 for the felony possession of ammunition conviction. The court dismissed Count 5 on its own motion pursuant to section 1385.

Although not necessary to preserve the issue for appeal, Tatum urged in his sentencing memorandum and at the sentencing hearing that section 654 precluded multiple punishments for Count 2 and Count 3. (*People v. Le* (2006) 136 Cal.App.4th 925, 931.)

## DISCUSSION

Tatum contends that the 16-month sentence on Count 3 violates section 654's ban on multiple punishments because the two offenses constituted a single physical act and amounted to an indivisible course of conduct committed pursuant to a single intent and objective. Accordingly, Tatum requests a stay of the sentence on Count 3. The People concede that the concurrent sentence on the possession of ammunition conviction violates section 654. We agree.

Section 654, subdivision (a), provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law

3

may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." This section "precludes multiple punishment for a single act or omission, or an indivisible course of conduct." (*People v. Deloza* (1998) 18 Cal.4th 585, 591.) "The purpose of the protection against multiple punishment is to insure that the defendant's punishment will be commensurate with his criminal liability." (*Neal v. State* (1960) 55 Cal.2d 11, 20, disapproved on another point in *People v. Correa* (2012) 54 Cal.4th 331, 334.)

We agree with the parties that the action underlying Counts 2 and 3 are indivisible. "Where, as here, all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment." (*People v. Lopez* (2004) 119 Cal.App.4th 132, 138; see *People v. Sok* (2010) 181 Cal.App.4th 88, 100 ["the trial court erred in failing to stay the sentences for counts 2 and 8 (unlawful possession of ammunition, § 12316, subd. (b)(1)) pursuant to section 654 because the ammunition at issue in those two counts was either loaded into Sok's handgun or had been fired from that gun"].) Similarly, here, all of the ammunition recovered was loaded in the firearm that formed the basis for the possession of a firearm by a felon conviction. Under the facts of this case, the acts of possessing the firearm and the ammunition are indivisible.

## DISPOSITION

The judgment is modified to reflect that the sentence on Count 3, felony possession of ammunition, is stayed pursuant to Penal Code section 654. In all other respects, the judgment is affirmed.

4

_____
Sweet, J.*

WE CONCUR:


_____
Brown, P. J.


_____
Streeter, J.

*People v. Tatum*/A173117

_____

    \* Judge of the Superior Court of California, County of Marin, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.