Filed 8/2/16  P. v. Buchwitz CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　v.<br><br>RANDY BUCHWITZ,<br><br>　　Defendant and Appellant. | B264571<br><br>(Los Angeles County<br>Super. Ct. No. BA420380) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Leslie A. Swain, Judge.  Modified and, as modified, affirmed.

Jonathan P. Milberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Randy Buchwitz guilty of manufacturing a controlled substance other than PCP and of recklessly causing a fire to an inhabited structure. The trial court imposed consecutive sentences. Buchwitz appeals the judgment, contending Penal Code section 654 precluded the consecutive sentences. We agree. We therefore modify the judgment and affirm it as modified.

## BACKGROUND

### I.     Factual background

On January 15, 2014, Buchwitz, who was with a woman, rented Room 48 on the second floor of the Galaxy Motel. About 6:00 p.m., tenant Timothy Star complained about something coming into his room. Another tenant, Leslie Jenei, was in Room 49, which shared a wall with Room 48. Jenei heard an explosion and saw a "flash of light" "like a big flame." Smoke came out of Jenei's wall heater, and he smelled a "very strong chemical odor." He knocked on Room 48's door. A woman answered and said everyone was ok. But Jenei heard a man near the bathroom say he'd burnt his face. A few minutes later, the man and woman left "very fast" in a dark pickup truck.

Larry Argo heard the explosion and saw flames shoot from the bathroom window. On his way to the room, Argo ran into the motel's owner, Ramesh Patel. Patel opened the door to Room 48, which was full of smoke. Smoke and flames were coming from the closet, so Argo and Patel got a hose and put the fire out. There was a man in the bathroom who "scrambled around in there for a little bit trying to put the flames out."

Room 48 suffered fire damage. In the room, police officers found a Dole pineapple bottle containing marijuana and butane cans. Star gave an officer a plastic bag of "shake," which is leftover, broken down marijuana.

According to Officer Michael Saragueta, the damage in Room 48 was consistent with damage that can be caused in a butane honey oil lab. "Butane honey oil" refers to a method of extracting concentrated cannabis from marijuana using butane. A solvent (here, butane) is used to extract tetrahydro cannabinol (THC), the chemical in marijuana that "gives you the high." Marijuana is put into a vessel, usually a tube with a large

2

opening on one end and a small one at the other, and butane is sent through it, extracting THC from the plant. PVC pipe and bottles, like the Dole bottle, can be used as vessels. After the butane is mixed with the marijuana, the final product is concentrated cannabis, which is typically smoked through a bong or glass pipe. Concentrated cannabis is an "extremely more powerful version of marijuana." Butane, however, has a low flash point, meaning it sparks easily. In Officer Saragueta's opinion, concentrated cannabis was being manufactured in Room 48 by butane honey oil extraction. Arson investigator Jose Sanchez agreed that butane gas ignited, causing a flash fire explosion. Sanchez could not ascertain what was the ignition source, but static electricity, somebody lighting a cigarette or turning on a light switch could have ignited the gas.

When Buchwitz was arrested on February 5, 2014, his hands and arms were "pink and red" and "appeared to be burnt," and his legs were wrapped in bandages.

## II. Procedural background

On July 18, 2014, a jury found Buchwitz guilty of count 1, manufacturing a controlled substance other than PCP (Health & Saf. Code, § 11379.6, subd. (a)); count 2, vandalism with over $400 in damage (Pen. Code, § 594, subd. (a)); and count 3, recklessly causing fire to an inhabited structure (Pen. Code, § 452, subd. (b)).

On May 11, 2015, the trial court sentenced Buchwitz to seven years on count 1 and to a consecutive one year on count 3. The court imposed a three-year term under Health and Safety Code section 11370.2, subdivision (b), based on a prior conviction for violating Health and Safety Code section 11383.5. The court also imposed a one-year term for a prison prior. The court imposed but stayed, under Penal Code section 654, the sentence on count 2. Buchwitz's total sentence was 12 years in prison.

## CONTENTIONS

Buchwitz contends **I.** his sentence on count 3 for recklessly causing a fire to an inhabited structure should have been stayed under Penal Code section 654, and **II.** his three-year sentence under Health and Safety Code section 11370.2 was unauthorized.

3

**DISCUSSION**

**I.     Penal Code section 654.**

Buchwitz contends that his sentence for recklessly causing a fire to an inhabited structure should have been stayed under Penal Code section 654.  We agree.

Penal Code section 654, subdivision (a), provides that an act or omission punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but not under more than one provision.  The section thus bars multiple punishments for offenses arising out of a single occurrence where all were incident to an indivisible course of conduct or a single objective.  (*People v. Correa* (2012) 54 Cal.4th 331, 335 ["the relevant question is typically whether a defendant's ' "course of conduct . . . comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654" ' "]; *People v. Jones* (2012) 54 Cal.4th 350, 358 ["Section 654 prohibits multiple punishment for a single physical act that violates different provisions of law."]; *People v. McKinzie* (2012) 54 Cal.4th 1302, 1368, abrogated on other grounds by *People v. Scott* (2015) 61 Cal.4th 363, 391, fn. 3; *People v. Galvez* (2011) 195 Cal.App.4th 1253, 1262.)  Whether a course of criminal conduct is divisible depends on the actor's intent and objective.  (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)  If all the offenses were merely incidental to, or were the means of accomplishing one objective, the defendant may be found to have harbored a single intent and therefore may be punished only once.  (*People v. Capistrano* (2014) 59 Cal.4th 830, 885; *People v. Sok* (2010) 181 Cal.App.4th 88, 99-100.)  But if the defendant harbored multiple or simultaneous objectives, independent of and not merely incidental to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct.  (*Jones*, *supra*, 103 Cal.App.4th at p. 1143; *Sok*, at p. 99.)

Whether Penal Code section 654 applies is a question of fact for the trial court, and its findings will not be reversed on appeal if there is any substantial evidence to

4

support them. (*People v. Capistrano*, *supra*, 59 Cal.4th at p. 886; *People v. Jones*, *supra*, 103 Cal.App.4th at p. 1143.) A trial court's implied finding of a separate intent and objective for each offense will be upheld on appeal if supported by substantial evidence.[1] (*People v. McKinzie*, *supra*, 54 Cal.4th at p. 1368.)

There is no evidence Buchwitz harbored separate intents and objectives in connection with the two offenses. Rather, the evidence is Buchwitz rented a room at the Galaxy Motel. A flash fire occurred in the room when he sent butane gas through a bottle containing marijuana. What ignited the butane gas is unknown; it could have been static electricity or someone lighting a cigarette. There is no evidence that Buchwitz intended to start a fire, which the People concede. Indeed, successfully manufacturing butane honey oil depends on *not* starting a fire. Buchwitz therefore recklessly caused a fire while trying to manufacture butane honey oil on a single occasion at the Galaxy Motel. The crimes were incident to his sole objective of manufacturing butane honey oil. (Cf. *People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1290 [where the defendant's "single objective was to burn down his house" but collateral damage occurred to neighbors' house, the crimes of arson and vandalism were incident to one objective and Pen. Code, § 654 applied].)

## II.     The three-year sentence under Health and Safety Code section 11370.2 must be stricken.

Health and Safety Code section 11370.2 provides for a three-year sentence enhancement for any person with certain prior convictions. It provides: "Any person convicted of a violation of . . . [Section 11379.6] . . . shall receive, in addition to any other punishment authorized by law . . . a full, separate, and consecutive three-year term for each prior felony conviction of . . . Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383 . . . ." (Health & Saf. Code, § 11370.2, subd. (b).) The court imposed the three-year sentence enhancement based on Buchwitz's prior conviction of Health and Safety Code section 11383.5. Health and

---

[1]     The trial court here made no specific finding of a separate intent and objective.

5

Safety Code section 11383.5, however, is not one of the listed prior convictions that may be used to enhance Buchwitz's sentence for his current conviction of Health and Safety Code section 11379.6. The three-year term must therefore be stricken.

### DISPOSITION

The judgment is modified to stay, under Penal Code section 654, the one-year sentence imposed on count 3. The three-year term imposed under Health and Safety Code section 11370.2 is also stricken. The clerk of the superior court is directed to modify the abstract of judgment and to forward the modified abstract to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

EDMON, P. J.

LAVIN, J.

6