Filed 10/16/20  P. v. Sumlin CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID ARNOLD SUMLIN,<br><br>    Defendant and Appellant. | B296808<br><br>(Los Angeles County<br>Super. Ct. No. TA139813) |

APPEAL from an order of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge.  Remanded for resentencing, with directions.

Patricia S. Lai, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

_____

In his prior appeal we affirmed David Arnold Sumlin's convictions on one count of attempted robbery and four counts of assault with a firearm, vacated his sentence and remanded the matter for a new sentencing hearing for the trial court to correct several errors and to consider whether to exercise its discretion to strike firearm-use enhancements imposed under the formerly mandatory provisions of Penal Code sections 12022.5 and 12022.53, subdivision (b).[1] (*People v. Sumlin* (Oct. 16, 2018, B282873) [nonpub. opn.].) On remand the court exercised its discretion not to dismiss the firearm enhancements. However, it failed for unexplained reasons to correct any of the errors we had directed it to address and further compounded that mistake by resentencing Sumlin pursuant to an incorrect firearm-use enhancement. We remand once again for the trial court to hold a new sentencing hearing, to correct the errors discussed and to permit Sumlin to challenge his ability to pay the fines, fees and assessments the court imposed.

## PROCEDURAL BACKGROUND

1. *Sumlin's Convictions, Original Sentence and Appeal*

Following a jury trial Sumlin was convicted of attempted robbery (§§ 664, 211) (count 1) and four counts of assault with a firearm (§ 245, subd. (a)(2)) (counts 2 through 5). The jury also found true special allegations Sumlin had personally used a firearm during the course of the offenses. In a bifurcated proceeding after Sumlin waived his right to a jury trial on a

---

[1]     Statutory references are to this code unless otherwise stated.

specially alleged prior juvenile strike adjudication, the court found the allegation true.

The trial court declined to strike Sumlin's prior juvenile adjudication for a serious felony offense and sentenced him as a second strike offender, imposing a state prison term of 18 years. The court identified count 2 as the principal term, selected the upper term of four years, doubled under the three strikes law, plus the upper term of 10 years for the firearm enhancement pursuant to section 12022.5. The court imposed concurrent sentences of the upper term of four years on counts 3 through 5, plus the upper term for each corresponding firearm enhancement pursuant to section 12022.5. On count 1 the court imposed a concurrent sentence of the upper term of three years, plus 10 years for the firearm enhancement pursuant to section 12022.53, subdivision (b).

On appeal we rejected Sumlin's argument that citation to an incorrect firearm-use enhancement in the verdict form violated his rights to a jury trial and due process. However, we vacated Sumlin's sentence and remanded the case for the trial court to determine whether to exercise its newly enacted discretion to dismiss the firearm-use enhancements imposed pursuant to sections 12022.5 (on counts 2 through 5) and 12022.53, subdivision (b), (on count 1).[2] To correct several errors we also directed the trial court to: (1) clarify the record regarding

---

[2] Amendments to sections 12022.5 and 12022.53, which became effective January 1, 2018 and applied retroactively to Sumlin and other defendants whose sentences were not final before that date, gave the trial court discretion to strike or dismiss previously mandatory firearm-use enhancements. (See §§ 12022.5, subd. (c), 12022.53, subd. (h).)

the offense for which the court found Sumlin had incurred the prior juvenile adjudication; (2) double the concurrent determinate terms imposed on counts 1, 3, 4 and 5 (see *People v. Sok* (2010) 181 Cal.App.4th 88, 95, fn. 6 [trial court erred in failing to either double concurrent sentence or dismiss prior strike]); (3) correct the February 8, 2017 minute order to state the jury found not true the allegation Sumlin had personally and intentionally discharged a firearm; (4) correct the May 25, 2017 minute order to state the firearm-use enhancements for counts 1, 3, 4 and 5 were imposed concurrently rather than stayed pursuant to section 654; and (5) correct the May 25, 2017 minute order to state the firearm-use enhancements for counts 2 through 5 were imposed pursuant to section 12022.5, subdivision (a), and not section 12022.53, subdivision (b).[3]

2. *Sumlin's New Sentence*

On remand the trial court declined to exercise its discretion to strike or dismiss any firearm enhancements and again imposed a sentence of 18 years on count 2 and concurrent sentences of 14 years on counts 3, 4 and 5 and 13 years on count 1. The court also imposed a $200 court operations assessment ($40 per conviction) (Pen. Code, § 1465.8), a $30 court facilities assessment (Gov. Code, § 70373) and a $300 restitution fine (the statutory minimum) (Pen. Code, § 1202.4, subd. (b)).

---

[3] Because we remanded the case for resentencing, we did not address Sumlin's argument the trial court had erred by failing to sufficiently articulate its reasons for imposing upper term sentences. During resentencing the trial court noted its prior omission and articulated its reasons for imposing the upper term sentences.

4

The court failed to address any of the errors identified in our opinion.

## DISCUSSION

1. *The Trial Court Imposed Sentences Pursuant to an Incorrect Enhancement*

As we explained in our prior opinion, "Sections 12022.5 and 12022.53 provide distinct sentencing enhancements for a defendant found to have 'personally use[d] a firearm' during the commission of a felony.  Section 12022.5, subdivision (a), provides for a sentence enhancement of three, four or 10 years for personal use of a firearm during the commission of any felony.  Section 12022.53, subdivision (b), provides for a 10-year enhancement for personal use of a firearm during specific enumerated felonies.  Assault with a firearm, except for assault with a firearm on a peace officer or firefighter, is not one of the felonies to which section 12022.53 applies.  (See § 12022.53, subd. (a).)" (*People v. Sumlin, supra,* B282873 at p. 7.) Accordingly, in this case, section 12022.53, subdivision (b), applied to count 1 and section 12022.5, subdivision (a), applied to counts 2 through 5.

While there had been confusion at the original sentencing hearing regarding which enhancements applied in this case, the trial court had ultimately applied the correct enhancements for each count.  Unfortunately, confusion appears to have resurfaced during the resentencing hearing (perhaps due to the court's reliance on the erroneous minute order discussed in our prior opinion), and the trial court incorrectly sentenced Sumlin on counts 2 through 5 pursuant to section 12022.53, subdivision (b). Because it erroneously applied section 12022.53, subdivision (b),

5

to counts 2 through 5, the trial court imposed 10-year terms as each count's enhancement and did not consider the three-four-10-year triad available under section 12022.5, subdivision (a).

Sumlin argues, the Attorney General concedes and we agree, the matter must be remanded for resentencing. (See *People v. Morrison* (2019) 34 Cal.App.5th 217, 223 [remand necessary for resentencing when "the record does not reflect whether [the trial court] understood that it could impose a lesser enhancement"].)  On remand the trial court must apply the correct firearm-use enhancements to each count and again determine whether to exercise its discretion to strike any of the firearm-use enhancements.  If it does not strike the enhancements, the court must consider the triad of possible sentences available pursuant to section 12022.5, subdivision (a).[4]

2. *On Remand the Trial Court Must Clarify the Offense Pursuant to Which It Found Sumlin Had Suffered a Prior Juvenile Adjudication*

In our prior opinion we identified discrepancies in the record regarding the offense for which the trial court found Sumlin had suffered a prior juvenile adjudication.  The information alleged Sumlin had suffered two prior serious or violent felony adjudications on July 31, 2009—rape (§ 261, subd. (a)(2)) and oral copulation by force (§ 288a, subd. (c)(2)).  In

---

[4]     Relying on our decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, Sumlin contends the court erred in imposing the restitution fine and court security and facilities fees without determining his ability to pay.  At resentencing Sumlin will have the opportunity to request a hearing and to present evidence concerning his inability to pay any applicable fines, fees and assessments.

an amended information the prior strike allegation was modified to allege Sumlin had previously been convicted (through a juvenile adjudication) of attempted carjacking (§§ 664, 215, subd. (a)) with a firearm-use enhancement.  As we explained, "The only evidence submitted during the bifurcated trial was a 'certified priors package,' which the prosecutor represented 'shows that Mr. Sumlin was convicted . . . [of] violating Penal Code section 664/215, subsection (a), [(attempted carjacking)] with a Penal Code section 120225.53(b) [(firearm-use)] enhancement.'  The package is not part of the record on appeal. Despite the amended allegation and the prosecutor's statement, the trial court stated on the record it found true Sumlin had juvenile adjudications for forcible rape and forcible oral copulation.  Consistent with the trial court's oral pronouncement the minute order for May 25, 2017 states the court found true the allegations of prior adjudications for sections 261, subdivision (a)(2), and 288a, subdivision (c)(2)." (*People v. Sumlin, supra,* B282873 at pp. 4-5, fn. 2.)  The parties failed to raise this issue on appeal, but we directed the trial court to clarify its finding during the resentencing hearing.  The trial court neglected to do so.

Sumlin now argues the trial court violated his federal and state due process rights by finding true a prior juvenile adjudication that had not been pleaded in the amended complaint and had not been proved at the bifurcated trial.  In the alternative, Sumlin argues there was insufficient evidence to support a finding he had suffered prior juvenile adjudications for rape and oral copulation by force.  The Attorney General contends Sumlin's due process argument is precluded because it is beyond the scope of this court's remand order.  Nonetheless,

7

the Attorney General concedes the trial court failed on remand to clarify the offense(s) on which it based its prior strike finding.

Because it is unclear from the record whether the trial court found true Sumlin had suffered a prior juvenile adjudication for attempted carjacking or for rape and oral copulation by force, we remand for the trial court to explicitly state its finding as to the offense for which Sumlin suffered a prior juvenile adjudication. In the absence of an unambiguous finding, we are unable to assess Sumlin's argument the finding violated his due process rights or was not supported by substantial evidence.

3. *A Juvenile Adjudication May Be Used as a Strike Even Though There Was No Right to a Jury Trial in the Juvenile Proceedings*

Sumlin argues the use of a juvenile adjudication as a prior strike conviction violated his Sixth and Fourteenth Amendment rights to have a jury determine any fact that increases his sentence above the statutory maximum under the principles articulated in *Apprendi v. New Jersey* (2000) 530 U.S. 466. Sumlin acknowledges not only that *Apprendi* specifically excluded prior convictions from those facts that must be submitted to a jury but also that the California Supreme Court expressly rejected this precise argument in *People v. Nguyen* (2009) 46 Cal.4th 1007 (*Nguyen*).

Nonetheless, Sumlin argues *Nguyen* was incorrectly decided and its reasoning has been undermined by the more recent decisions in *People v. Gallardo* (2017) 4 Cal.5th 120, *Mathis v. United States* (2016) 136 S.Ct. 2243, and *Descamps v. United States* (2013) 570 U.S. 254. However, these cases have not overruled *Nguyen* or analyzed the propriety of a sentencing

8

court's use of a prior juvenile adjudication to increase a sentence in an adult criminal trial.  (See *People v. Romero* (2019) 44 Cal.App.5th 381, 389-390 ["although *Gallardo*, *Mathis*, and *Descamps* all disapprove judicial factfinding by a sentencing court to determine whether the defendant suffered a qualifying prior conviction when that issue is unclear from the fact of the conviction itself, none of those cases calls into question *Nguyen*'s holding that a sentencing court may impose a sentence enhancement based on a prior juvenile adjudication, despite the lack of right to a jury trial in that proceeding"].)  Accordingly, we are bound to follow the Supreme Court's ruling in *Nguyen*.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

## DISPOSITION

The convictions are affirmed.  The sentence is vacated in its entirety, and the matter remanded to allow the trial court to conduct a new sentencing hearing to sentence Sumlin pursuant to the correct firearm-use enhancements, clarify its finding regarding the offense for which Sumlin suffered a prior juvenile adjudication and correct or modify its prior orders in accordance with this opinion and our prior opinion.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

9