Filed 11/16/20  P. v. Wadsworth CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JOCKAINE LAMONTE WADSWORTH,<br><br>     Defendant and Appellant. | B301363<br><br>(Los Angeles County<br>Super. Ct. No. MA076563) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed in part; reversed in part; and remanded with instructions.

Katharine Eileen Greenebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Jockaine Lamonte Wadsworth appeals from a judgment entered after a jury convicted him of possession of a firearm by a felon, having a concealed firearm in a vehicle, unlawful possession of ammunition by a felon, and misdemeanor giving false information to a police officer. Wadsworth contends, the People concede, and we agree the trial court erred by failing to stay under Penal Code[1] section 654 the sentences imposed for having a concealed firearm in a vehicle and unlawful possession of ammunition.

Wadsworth also contends the trial court violated his right to due process, as set forth in this court's opinion in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168, by imposing court fines and assessments absent evidence of his ability to pay. The People concede and we agree that on remand the trial court should afford Wadsworth an opportunity to request a hearing and present evidence demonstrating his inability to pay the applicable fines and assessments. We affirm Wadsworth's conviction but reverse the sentence and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Evidence at Trial*[2]

At approximately 1:30 a.m. on June 17, 2019 Los Angeles Sheriff's Deputy Jonathan Lee was on patrol with his partner when he observed a vehicle driven by Wadsworth's girlfriend,

---

[1] All undesignated statutory references are to the Penal Code.

[2] Wadsworth does not challenge the sufficiency of the evidence on appeal.

Rreonna Moore "fly through the intersection at a very high rate of speed," driving through a red light. Deputy Lee activated his patrol car's lights and sirens and turned on a spotlight to see inside the vehicle. He saw Wadsworth, who was seated in the passenger seat, wave his arms and pass an object to Moore. Deputy Lee pulled the vehicle to the side of the road. His partner searched Moore and recovered a small .380-caliber firearm. Deputy Lee ejected the magazine from the firearm and determined the firearm's chamber was empty, but the magazine was loaded with five bullets. Deputy Lee then searched the vehicle and found a single bullet in the storage area of the front passenger side door matching the style and .380-caliber of the firearm found on Moore. He opined the bullet was capable of being fired from the firearm. When Deputy Lee asked Wadsworth for his name and date of birth, Wadsworth provided false information.

Wadsworth testified he did not know Moore had a firearm, nor was he aware there was ammunition in the vehicle. Instead, he gave Moore his cell phone before they were pulled over so he would not be booked with his cell phone. He admitted he had a prior felony conviction and had given the officers a false name.

B.      *The Verdict and Sentencing*
The jury convicted Wadsworth of possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), having a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count 3), unlawful possession of ammunition by a felon (§ 30305, subd. (a)(1); count 5), and misdemeanor giving false information to a police officer (§ 148.9, subd. (a); count 6). Wadsworth admitted he had suffered a prior conviction of a serious or violent felony under the three strikes

law (§§ 667, subds. (b)-(j), 1170.12) for which he served a prison term within the meaning of section 667.5, subdivision (b).

The trial court sentenced Wadsworth to an aggregate term of seven years four months in prison and a consecutive term of 180 days in county jail. The court selected count 2 for possession of a firearm as the principal term and sentenced Wadsworth to a six-year term (the upper term of three years, doubled as a second strike). On count 3 for possession of an unregistered firearm in a vehicle, the court imposed a consecutive term of 16 months (one-third the middle term of eight months, doubled). On count 5 for unlawful possession of ammunition, the trial court imposed the middle term of two years, doubled, to run concurrently with the sentence on count 2. On count 6 the court imposed a consecutive term of 180 days in county jail. The court struck the prior prison term allegation.

The court found in imposing the sentence on count 3 that the offense had "a separate and distinguishable purpose" and was a "separate and distinct crime" from Wadsworth being a felon in possession of a firearm. The court pointed out Wadsworth was "clearly carrying that [firearm] before he ever got in the car. So I think that those are separate and distinct crimes." The court likewise found the offense of possession of ammunition was a "separate crime[]" from the firearm possession offenses.

The court imposed a $120 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) ($30 on each count) and a $160 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) ($40 on each count). The court imposed a $2,100 restitution fine (§ 1202.4, subd. (b)(1)), and it imposed and suspended a parole revocation restitution fine in the same amount (§ 1202.45).

Wadsworth timely appealed.

4

# DISCUSSION

A.  *The Trial Court Erred in Not Staying the Sentences on Counts 3 and 5*

Wadsworth contends, the People concede, and we agree the trial court erred in failing to stay under section 654 the sentences on counts 3 and 5.

Section 654, subdivision (a), provides in part, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."  "Whether a defendant may be subjected to multiple punishment under section 654 requires a two-step inquiry, because the statutory reference to an 'act or omission' may include not only a discrete physical act but also a course of conduct encompassing several acts pursued with a single objective."  (*People v. Corpening* (2016) 2 Cal.5th 307, 311 (*Corpening*); accord, *People v. Kelly* (2018) 28 Cal.App.5th 886, 904.)

"We first consider if the different crimes were completed by a 'single physical act.'"  (*Corpening, supra*, 2 Cal.5th at p. 311; accord, *People v. Jones* (2012) 54 Cal.4th 350, 358 (*Jones*).)  "If so, the defendant may not be punished more than once for that act. Only if we conclude that the case involves more than a single act—i.e., a course of conduct—do we then consider whether that course of conduct reflects a single "'intent and objective'" or multiple intents and objectives."  (*Corpening*, at p. 311; accord, *Jones*, at p. 359.)  "Whether a defendant will be found to have

committed a single physical act for purposes of section 654 depends on whether some action the defendant is charged with having taken separately completes the actus reus for each of the relevant criminal offenses." (*Corpening*, at p. 313.)

"Whether multiple convictions are based upon a single act is determined by examining the facts of the case." (*People v. Mesa* (2012) 54 Cal.4th 191, 196; accord, *Corpening, supra*, 2 Cal.5th at p. 312.) Similarly, "[i]ntent and objective are factual questions for the trial court, which must find evidence to support the existence of a separate intent and objective for each sentenced offense." (*People v. Jackson* (2016) 1 Cal.5th 269, 354; accord, *People v. Vasquez* (2020) 44 Cal.App.5th 732, 737.) "A trial court's express or implied determination that two crimes were separate, involving separate objectives, must be upheld on appeal if supported by substantial evidence." (*People v. Brents* (2012) 53 Cal.4th 599, 618; accord, *Vasquez*, at p. 737 ["In analyzing whether section 654 bars the imposition of multiple sentences, we consider the evidence in the light most favorable to the judgment and affirm the trial court's sentencing decision— whether express or implied—if it is supported by substantial evidence."].) But "[w]hen th[e] facts are undisputed . . . the application of section 654 raises a question of law we review de novo." (*Corpening*, at p. 312.)

The Supreme Court's holding in *Jones, supra*, 54 Cal.4th at page 352 is directly on point. On facts similar to those here, the Supreme Court held that under section 654 the defendant could not separately be sentenced for the offenses of possession of a firearm by a felon, carrying a readily accessible concealed and unregistered firearm, and carrying an unregistered loaded firearm in public, where the defendant was found in possession of

a single firearm.  (*Id*. at pp. 352, 357.)  The Court explained, "[A] single possession or carrying of a single firearm on a single occasion may be punished only once under section 654."  (*Id*. at p. 357.)  The Supreme Court rejected the argument the defendant could be separately sentenced for possession of the firearm as a felon because he had purchased the firearm three days before he was apprehended with the firearm, observing the amended information alleged the three crimes occurred on a single date.  (*Id*. at p. 359.)  Similar to *Jones*, Wadsworth was charged with committing the firearm offenses on June 17, 2019.  Thus, the trial court erred, after sentencing Wadsworth on count 2 for possession of a firearm by a felon, in failing to stay the sentence on count 3 for possession of an unregistered weapon in a vehicle because both counts were based on Wadsworth's possession of a single firearm.

Similarly, the court was required to stay the sentence on count 5 for possession of ammunition because the bullet found in the vehicle matched the style and caliber of the firearm recovered from Moore, and the firearm was missing a bullet in the chamber.  On these facts, substantial evidence does not support the court's finding Wadsworth had more than one objective in possessing the firearm and the separate ammunition.  (See *People v. Broadbent* (2020) 47 Cal.App.5th 917, 923 [trial court erred in not staying sentences imposed for sale of firearms and sale of large-capacity magazines where firearms were sold with magazines]; *People v. Sok* (2010) 181 Cal.App.4th 88, 100 [trial court should have stayed sentence for defendant's possession of ammunition where it imposed sentence for unlawful possession of firearm and ammunition was either loaded into the firearm or had been fired from the firearm]; *People v. Lopez* (2004) 119 Cal.App.4th 132,

7

138 [trial court erred in failing to stay sentence for possession of ammunition where the ammunition was loaded into the firearm and defendant's intent was to possess a loaded firearm].) Although unlike *Sok* and *Lopez* the bullet was not inside the gun, given that the gun did not have a bullet in the chamber and the bullet matched the caliber of the gun, the only reasonable inference is Wadsworth had a single intent and objective in possessing the bullet and the firearm.

B.    *On Remand Wadsworth Is Entitled To Request a Hearing on His Ability To Pay the Court Fines And Assessments*

Wadsworth requests we remand for the trial court to conduct an ability-to-pay hearing in accordance with this court's opinion in *People v. Dueñas, supra*, 30 Cal.App.5th at pages 1168 and 1172 because he is indigent and qualified for free counsel at the time of trial.  Wadsworth did not object to the imposition of fines and assessments at the time of sentencing, but the People concede on remand Wadsworth may request an ability-to-pay hearing.  We agree Wadsworth should have an opportunity on remand to request a hearing and present evidence demonstrating his inability to pay the fines and assessments imposed by the trial court.  (*People v. Belloso* (2019) 42 Cal.App.5th 647, 654-655, review granted Mar. 11, 2020, S259755; *People v. Castellano* (2019) 33 Cal.App.5th 485, 488-489; *People v. Dueñas*, at pp. 1168, 1172.)[3]

---

[3]    Wadsworth's contention on appeal that on remand the People have the burden to prove Wadsworth has the ability to pay lacks merit.  We rejected this contention in *People v. Castellano, supra*, 33 Cal.App.5th at page 490, explaining "a

## DISPOSITION

The judgment of conviction is affirmed. We reverse the sentence and remand with directions for the trial court to stay counts 3 and 5 under section 654. The trial court is also directed on remand to allow Wadsworth an opportunity to request a hearing and present evidence demonstrating his inability to pay the court facilities and operations assessments, restitution fine, and parole revocation restitution fine. If Wadsworth demonstrates his inability to pay the assessments, the trial court must strike them. If the trial court determines Wadsworth does not have the ability to pay the restitution and parole revocation restitution fines, it must stay execution of the fines.

FEUER, J.

We concur:

PERLUSS, P. J.          DILLON, J.[*]

---

defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court."

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.