Filed 6/6/23 P. v. Martinez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | G061312 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 21ZF0020) |
| ALEJANDRO MARTINEZ, | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |
| Defendant and Appellant. | |

It is ordered that the opinion filed on May 16, 2023, be modified as follows:

On page 10, at the end of the disposition, add the following footnote:

[3]     Martinez filed a petition for rehearing asking us to modify our disposition to order a full resentencing rather than a resentencing on counts 1 and 2. However, resentencing on counts 1 and 2 is what Martinez asked for in his brief and what the Attorney General agreed to. Accordingly, we decline the invitation to modify the disposition.

This modification does not change the judgment.

The petition for rehearing is DENIED.

O'LEARY, P. J.

WE CONCUR:

BEDSWORTH, J.

MOTOIKE, J.

2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ALEJANDRO MARTINEZ, Defendant and Appellant. | G061312 (Super. Ct. No. 21ZF0020) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Scott A. Steiner, Judge. Affirmed in part, reversed in part, and remanded for resentencing.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Warren J. Williams, and Christine Y. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

Alejandro Martinez suffered a third strike conviction for second degree robbery (count 4). His principal argument on appeal is that the trial court abused its discretion by refusing to strike one of his prior strikes because the court did not explicitly consider the factors listed in *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*). Like so many appeals before it, however, this appeal simply comes down to the presumption of correctness. There is no indication that the court considered improper factors and we presume that all mandatory factors were considered unless the record indicates otherwise, which it does not.

Martinez's second argument suffers the same fate. He was convicted of being a felon in possession of a firearm (count 1) and ammunition (count 2), for which the trial court sentenced him to the middle term on each count. He was 25 years old at the time he committed his offense. Martinez contends the court abused its discretion by failing to consider the presumption of the low term due to his youth under the recently amended Penal Code section 1170, subdivision (b)(6).[1] However, once again, there is no indication that the court failed to take this into consideration, and we presume the court's decision was correct.

Martinez does raise one meritorious argument, which the Attorney General concedes. He contends the trial court was required to stay either count 1 or count 2 pursuant to section 654. We agree and will remand for resentencing on that ground. In all other respects, we affirm the judgment.

FACTS

On January 2, 2019, P.S. was working as a cashier at a 7-Eleven store in Anaheim. Around 5:40 p.m., a man entered the store and approached the cash register with a bottle of juice and candy. The man handed P.S. a $20 bill; P.S. opened the register, and when he looked up, he saw the man was pointing a small black gun at him.

---

[1] All further statutory references are to the Penal Code.

The man told P.S. to put the money and juice in a bag. After P.S. complied, the man exited the store.

P.S. immediately called 911 and reported the robbery. P.S. described the perpetrator as a light-skinned Hispanic man, around 6 feet tall and 180 to 195 pounds, 30 to 35 years of age, and with a star tattoo with an "O" in the middle of it below his left eye.

Around 6:00 p.m. that same day, Buena Park Police Officer Lopez heard a description of the suspect broadcast over the radio. Officer Lopez believed the description matched Martinez; the officer had had a number of prior contacts with Martinez, and Martinez's tattoo (a star with a "9" inside) was the only one like that he had seen. Accordingly, Officer Lopez drove to the 7-Eleven store and viewed the surveillance video. The surveillance video revealed the perpetrator was wearing black shoes with white shoelaces. After viewing the video, Officer Lopez identified Martinez as the suspect.

The next day, Officer Lopez and his partner found Martinez standing next to a sedan in between the open driver door and the driver's seat. After Martinez saw the officers, he slowly walked away and then started running. Officer Lopez chased after Martinez and eventually tased him. Martinez was then handcuffed and taken into custody.

Officer Lopez searched the sedan, which belonged to another individual. In the back of the car was a pair of black and white Vans shoes that matched the footwear of the suspect. In addition, a revolver was found. The revolver looked like the gun used by the suspect during the robbery.

Martinez had previously been convicted of a felony on or about April 3, 2013, and, as a result, was prohibited from owning or possessing firearms and ammunition.

3

In an indictment, Martinez was charged with possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1); possession of ammunition by a prohibited person (§ 30305, subd. (a)(1); count 2); resisting and obstructing an officer (§ 148, subd. (a)(1); count 3); and second degree robbery (§§ 211, 212.5, subd. (c); count 4). As to count 4, it was alleged that Martinez personally used a firearm during the commission of the offense (§ 12022.53, subd. (b)).

In addition, the indictment alleged that Martinez had two prior strike convictions (§§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A)) and two serious felony prior convictions (§ 667, subd. (a)(1)).

A jury found Martinez guilty on all four counts and returned a true finding on the firearm enhancement.

In a bifurcated trial, the jury found true that Martinez had two prior strike convictions and two serious felony prior convictions, consisting of a 2012 conviction for first degree burglary and a 2013 conviction for first degree burglary. In addition, the jury found true certain alleged factors in aggravation: California Rules of Court, rules 4.421(b)(1) (violent conduct), 4.421(b)(2) (numerous and increasing seriousness of prior convictions), and 4.421(b)(3) (prior term in prison).

The trial court sentenced Martinez to a third strike sentence of 25 years to life on count 4, plus 10 years for the firearm enhancement, and five years for each of the two serious felony priors. On counts 1 and 2, the court imposed concurrent terms of two years. The court suspended the sentence on count 3. The total prison term was 45 years to life. Martinez timely appealed.

## DISCUSSION

Martinez raises three contentions on appeal. First, he contends the trial court abused its discretion in refusing to strike one of his prior strikes because it did not consider all mandatory factors under *Williams*. Second, he contends the court erred by sentencing him to the midterm on counts 1 and 2 without applying the presumptive low

4

term due to his youth. Finally, he contends either count 1 or count 2 should have been stayed pursuant to section 654.

I. *The Trial Court's Refusal to Strike a Strike Was Not an Abuse of Discretion*

Pursuant to section 1385, subdivision (a), "The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." This statute "permit[s] a court acting on its own motion to strike prior felony conviction allegations in cases brought under the Three Strikes law." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530 (*Romero*).) "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to . . . section 1385[, subdivision ](a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams, supra,* 17 Cal.4th at p. 161.) We review a court's decision not to strike a prior for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373.)

In deciding not to strike any of Martinez's prior convictions, the court commented, "[C]onsistent with felony sentencing in general in California, especially now, the court's got a vast array of options in terms of how to sentence the defendant. And the record should reflect I took in consideration everything I heard and learned at the trial, the fact that the defendant has two strikes already from separate dates, separate cases, residential burglaries; and the fact this case involved an armed robbery of a business in Anaheim." "So I'm left with a decision about what to do with the defendant's strike priors and whether to strike one or not. And it's clear now, especially now, given

5

some recent case law that the court's got to be very clear on articulating reasons for striking a strike. There has to be reasons for striking a strike, not just a question of what I think is fair necessarily. I think the only factor in mitigation in this case was no one was injured. I don't know how much a factor in mitigation that is; I don't know how much credit the defendant deserves for the fact that he didn't fire the weapon at this poor shopkeeper who was just there working and then had a gun pointed at him for a few hundred dollars." "[I] want the record to reflect that I . . . took into consideration that California Rules of Court factors in aggravation and factors in mitigation, and I certainly concluded that the factors in aggravation outweigh any factor in mitigation, to the extent there even are any. And thus, as a result, I've determined it is inappropriate to strike either of the defendant's strikes."

Martinez argues, "In declining to strike the strike priors, the trial court failed to apply the *Romero/Williams* factors and failed to assess whether appellant falls outside the spirit of the Three Strikes Law. Instead, the trial court erroneously believed the decision to strike a strike prior is based on a weighing of the aggravating and mitigating factors set forth in [California Rules of Court,] rule 4.423. Because the trial court applied the wrong law in declining to strike appellant's strike priors, the trial court misunderstood the scope of its discretion. That constitutes an abuse of discretion." We disagree.

In *People v. Carmony, supra*, 33 Cal.4th at page 376, the court noted, in the context of a refusal to strike a strike, there is a "legislative presumption that a court acts properly whenever it sentences a defendant in accordance with the three strikes law." It reached this conclusion because section 1385, subdivision (a), only requires a court to state its reasons on the record when it *grants* a motion to dismiss, not when it refuses to dismiss a strike. The court went on to note that "the trial court is presumed to have acted to achieve legitimate sentencing objectives . . . ." (*Carmony, supra*, 33 Cal.4th at pp. 376-377.) The court described the three strikes law as establishing "a sentencing norm"

6

and creating "a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Id.* at p. 378.) "In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]. Moreover, 'the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce[ ] an "arbitrary, capricious or patently absurd" result' under the specific facts of a particular case." (*Ibid.*)

None of those circumstances are present here. Martinez urges us to find that the trial court relied on impermissible factors by referencing the California Rules of Court. However, under *Williams*, the court was required to consider "the nature and circumstances of his present felonies . . . ." (*Williams, supra*, 17 Cal.4th at p. 161.) Examining the current felony through the lens of mitigating or aggravating circumstances is a rational approach to that inquiry and is certainly not impermissible. Indeed, California Rules of Court, rules 4.421 lists 17 potential aggravating factors, and 4.423 lists 25 potential mitigating factors. The sheer quantity and variety of factors listed in those rules provides a helpful framework for analyzing the circumstances of the present felony. Moreover, the court only said that it took those factors into consideration, not that it focused on those factors exclusively. And while it remains true that a court should consider all of the factors listed in *Williams*, "There is a presumption that the trial court considered all relevant factors, even if it did not mention them all." (*People v. Salazar* (2022) 80 Cal.App.5th 453, 461 [affirming the trial court's refusal to strike a strike under *Romero*], review granted Oct. 12, 2022, S275788.) That presumption applies here. Accordingly, the court did not abuse its discretion.

II. *The Trial Court did Not Err by Sentencing Martinez to the Middle Term on Counts 1 and 2*

Next, Martinez contends the trial court erred by sentencing him to the middle term on counts 1 and 2 by failing to consider his youth, which, under recent amendments to section 1170, may create a presumption that the low term is the appropriate sentence. We find no error.

Effective January 2022, the Legislature amended section 1170, subdivision (b)(6), so that it now provides: "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of [s]ection 1016.7 at the time of the commission of the offense." Section 1016.7, subdivision (b), defines a youth as anyone under 26 years old. Martinez committed his crimes eight days before his 26th birthday and was thus, technically, a youth.

The parties agree that neither the prosecution, the defense, nor the trial court made any mention of Martinez's youth or the amendments to section 1170, subdivision (b)(6), which became effective approximately three months before the sentencing. From this silence, Martinez concludes the court failed to exercise its discretion.

However, "On appeal, we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant. [Citations.] Thus, we may not assume the court was unaware of its discretion simply because it failed to explicitly refer to its alternative sentencing choices." (*People v. Weddington* (2016) 246 Cal.App.4th 468, 492.) Moreover, from the court's comments in the previous section, it is clear the court did consider circumstances in mitigation and

8

aggravation, concluding that the circumstances in aggravation outweighed mitigating circumstances, if any. The court thus engaged in the analysis called for by section 1170, even if the court did not explicitly mention Martinez's age. We find no reversible error.

That said, for the reasons we explain in the next section, we will vacate the sentences on counts 1 and 2, and Martinez is free to argue on remand that his youth warrants the low term.

III. *The Trial Court Should Have Stayed Either Count 1 or 2 Under Section 654*

Martinez's final argument is one the Attorney General agrees with: either count 1 or count 2 should have been stayed pursuant to section 654. We agree.

Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." "When a defendant is convicted of two offenses for which section 654 prohibits multiple punishment (as is the case here), the trial court imposes sentence for one of them, and then imposes and stays the sentence for the other offense. [Citation.]" (*People v. Caparaz* (2022) 80 Cal.App.5th 669, 689.)

Where a defendant is convicted of both unlawful possession of a firearm and unlawful possession of ammunition, if all of the ammunition at issue was loaded into or fired from the firearm, then the defendant did not have different or multiple objectives, and section 654 precludes multiple punishment. (*People v. Sok* (2010) 181 Cal.App.4th 88, 100; *People v. Lopez* (2004) 119 Cal.App.4th 132, 138.) "To allow multiple punishment for possessing ammunition in a firearm would, in our judgment, parse the objectives [of section 654] too finely." (*Lopez*, at p. 138.)

Here, there was no evidence Martinez possessed ammunition separate and apart from the firearm. During closing argument, the prosecutor argued that common sense dictated that the gun was loaded with the cartridges on the day of the robbery, just as the gun was found the next day. Accordingly, Martinez's possession of the firearm

9

and ammunition reflected a single intent and objective, and the trial court should have stayed either count 1 or count 2. Accordingly, we will vacate the sentences on counts 1 and 2 and remand for resentencing.[2]

## DISPOSITION

The sentences on counts 1 and 2 are vacated and the matter is remanded for resentencing on those counts consistent with this opinion. In all other respects, the judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOTOIKE, J.

---

[2]     In his opening brief, Martinez argued the fines and fees imposed on him were unconstitutional under *People v. Duenas* (2019) 30 Cal.App.5th 1157. However, in his reply brief, Martinez conceded the issue is "moot" in light of the Attorney General's concession that counts 1 and 2 should be remanded for resentencing. Accordingly, we do not address the issue.