Filed 4/10/25  P. v. Ureno CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081255 |
| v. | (Super.Ct.No. FVI1301077) |
| JOSE URENO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Affirmed with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jose Ureno was convicted of carjacking and taking or driving a motor vehicle in 2015. It was found true that he committed the offenses for the benefit of a criminal street gang and that he suffered several prior convictions including having served a prior prison term pursuant to Penal Code section 667.5, subdivision (b).[1] In a previous appeal, *People v. Ureno* (August 2, 2015, E060160) [nonpub. opn.] (Opinion), we affirmed the convictions and ordered a correction to his sentence. In 2023, defendant was identified by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) as a defendant serving time in prison who may be eligible for recall and resentencing relief under section 1172.75. After briefing by the parties and a hearing the trial court struck the section 667.5, subdivision (b), prior but denied any further relief.

Defendant appeals the order of the trial court claiming that it abused its discretion by denying him a full resentencing as required by section 1172.75. Specifically, he claims he was entitled to have the trial court impose the middle term on his convictions based on Senate Bill No. 567, which modified section 1170, subdivision (b)(1), after his original sentencing. In addition, he claims that the trial court failed to update and recalculate his actual custody credits and that the amended abstracts of judgment for the indeterminate and determinate sentences need to be corrected.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# FACTUAL AND PROCEDURAL HISTORY[2]

On June 27, 2013, a jury found defendant guilty of carjacking (§ 215, subd. (a); count 1) and taking or driving a motor vehicle (§ 10851, subd. (a); count 2). In addition, the jury found defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subds. (b)(1)(a) & (b)(1)(c)). Defendant also admitted to having suffered one prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike conviction within the meaning of section 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d). The trial court found the allegation true that defendant had served one prior prison term within the meaning of section 667.5, subdivision (b). Defendant was sentenced to 30 years to life for the carjacking, plus a five-year consecutive term for the prior serious felony conviction, and one year for the prior prison term. He was also sentenced to a concurrent term of six years for the taking or driving of a motor vehicle conviction and four years for the section 186.22, subdivision (b)(1)(a) gang enhancement.

Defendant appealed and a panel of this court modified the six-year sentence on the taking or driving of a motor vehicle and the four-year sentence on the gang enhancement, and ordered that the sentences be stayed pursuant to section 654. New abstracts of judgment were ordered to be filed. His custody credits were calculated as 223 total credits, which consisted of 194 actual days and 29 days of conduct credits pursuant to section 4019.

---

[2] We derive the history from the clerk's and reporter's transcripts in this case and from our Opinion. We need not provide the facts of the underlying crime as they are not relevant to the issues on appeal.

On September 30, 2022, defendant filed in pro. per. a "Request for Resentencing Pursuant to Penal Code section 1171.1 [¶] Senate Bill-483 (SB-483)." (All caps. omitted.) He obtained counsel and his counsel filed an "Amended Petition for Resentencing and/or Reversal of His Convictions" (All caps. and boldface omitted) pursuant to section 1172.75 (Amended Petition). Defendant argued that his section 667.5, subdivision (b), prison prior must be stricken pursuant to section 1172.75, subdivision (a). Further, pursuant to section 1172.75, subdivision (d)(2), he was entitled to have the trial court resentence him and apply any other changes in the law. This included exercising its discretion to dismiss the section 667, subdivision (a), enhancement that was previously mandatorily imposed but now the trial court possessed discretion to dismiss the enhancement. The trial court also could dismiss the enhancement pursuant to section 1385. In addition, the gang enhancement must be dismissed pursuant to section 1385 and Assembly Bill No. 333. Moreover, the trial court should strike his serious and/or violent felony conviction enhancement pursuant to section 1385 and Senate Bill No. 81. The trial court should also strike any fines and fees based on the prosecution failing to prove his ability to pay.

Attached to the Amended Petition were two letters. A letter from defendant's brother stated that defendant started having troubles when he was using drugs. Defendant had a big heart and deserved a second chance. He would offer defendant a job and housing if he was released from prison. Defendant's older sister also submitted a letter stating he was a good brother and uncle to her sons. She begged the court to give him a second opportunity to return to his family.

The hearing on the Amended Petition was continued. Defendant submitted additional letters to the trial court in support of the Amended Petition. The daughter of defendant's fiancée declared that defendant was like a father to her and she wanted him home. His niece also provided a letter that defendant was like a father figure to her. She wanted defendant to be given another chance and for him to come home. Defendant's fiancée submitted a letter that defendant had learned from his experience and would not repeat his crimes. Defendant was a family man and had a support team. Defendant's sister-in-law had known defendant for 22 years. He deserved a second chance and to come home. His fiancée's son submitted a letter that defendant was a father figure and that he had learned his lesson. A friend of 20 years stated that defendant always had goals and wanted to do something with his life. He deserved another chance.

The matter was again continued. Defendant filed additional letters of support to the Amended Petition. Defendant's older sister provided that he had been a polite and respectful man while they were growing up. She wanted him to come home and be with her children. She asked that the trial court be lenient with defendant. The matter was again continued.

The People filed opposition to the Amended Petition. The People contended that defendant could not request relief pursuant to section 1172.75 based on the restrictions set forth in the statute; he must be identified as eligible for resentencing by the CDCR. He was not entitled to section 1172.75 relief.

Defendant submitted a response and supplemental reply to the opposition to the Amended Petition. Defendant contended that he in fact had been recommended for resentencing by the CDCR. His name was included on a list that was provided to the trial courts on June 30, 2022, as potentially being eligible for resentencing. The list including defendant's name was included as an exhibit. Defendant was entitled to a full resentencing.

Defendant also filed supplemental briefing in support of the Amended Petition. He argued the trial court should strike his prior conviction pursuant to *People v. Superior Court (Romero)* 13 Cal.4th 497 (*Romero*). He insisted that despite another court finding that the changes to section 1385 did not apply to prior strike convictions, the case was wrongly decided. Even if the trial court determined that section 1385 did not apply, it should still strike defendant's prior conviction, which was based on a 2002 conviction for robbery. Defendant insisted that section 1172.75 required a full resentencing not merely striking the section 667.5, subdivision (b), enhancement. Relying on section 1172.75, subdivision (d)(3), defendant provided that the trial court should consider postconviction factors, including record of discipline, rehabilitation efforts, and whether age or time served had reduced the defendant's risk for future violence in deciding whether to strike the prior conviction. The trial court should consider that the Legislature mandated full resentencing in order to ensure equal justice and to address systematic racial bias in sentencing.

In addition, defendant contended that he was only 18 years old when he committed the prior robbery offense, and more than 20 years had passed since he committed that offense. There was a 10-year gap between the prior offense and the current offenses. Further, the carjacking was a strike but was less serious than some other strike offenses. Defendant did not use force or violence when committing the carjacking. The letters submitted to the trial court showed he was loved and supported by his family. Defendant had matured in the prior 10 years and was ready to be a productive member of society. The matter was again continued.

The People filed a response to defendant's supplemental briefing. There were no mitigating factors listed in section 1385 that applied to defendant, and dismissal of the enhancement would endanger public safety within the meaning of section 1385, subdivision (c)(2). Additionally, section 1385 did not apply to prior convictions, and even if section 1385 applied to defendant, the fact that the prior conviction was over 20 years old and there were multiple enhancements did not mandatorily require its application to defendant. The People also noted that no records of defendant's conduct during his incarceration had been submitted to the trial court to support that the prior conviction should be struck by the trial court based on his change of behavior and prospects. Finally, under *Romero*, the striking of the prior conviction was not in the furtherance of justice.

Defendant filed a reply to the opposition. Defendant argued that the prior conviction was mandatorily dismissed pursuant to section 1385, subdivisions (c)(2)(B) and (c)(2)(C). The People presented no evidence that defendant was still a threat to

7

society after 16 years. The prior strike should be dismissed pursuant to section 1385 or *Romero*.

The matter was heard on May 5, 2023. The trial court stated it had reviewed the Amended Petition, the oppositions filed by the People and defendant's reply to the opposition. Defendant's counsel relied on the briefing but added that the trial court now had discretion to impose sentence on count 2 and stay count 1 under new law. Further, for the first time, counsel argued that the sentences on counts 1 and 2 should be middle terms as there were no proven aggravating factors. The People argued that if the trial court found that defendant properly filed the Amended Petition, there was no change in circumstances that warranted resentencing. There was no evidence of his disciplinary or rehabilitation record while in prison. The trial court should not strike the prior conviction.

The trial court accepted the Amended Petition apparently agreeing with defendant that he was entitled to file it. The trial court then addressed its discretion pursuant to section 1385 to dismiss the prior strike convictions. The trial court noted that the prior conviction was for robbery and the current conviction was for carjacking. Defendant had a history of parole violations. The trial court noted, "He has not exhibited behavior that shows he is not a public safety risk; rather his increase in violence as he got older shows this court that he is a serious risk of public safety." The trial court also noted that between the robbery conviction in 2001 and the carjacking in 2013, defendant had numerous convictions and parole violations. Defendant had a history of committing violent crimes. The trial court also noted that defendant was 40 years old and that his

8

criminal history "is not yet behind him." There were no relevant facts or circumstances provided to the trial court that showed he had changed his criminal lifestyle.

The trial court concluded, "[T]he defendant does not fit outside of the spirit of the three strikes law. And for that reason, the motion to strike his prior is denied, and the Court also denies the defendant's motion for re-sentencing under Penal Code Section 1172.75, and for those reasons, the Court also finds he is ineligible for re-sentencing on the gang enhancement that is found true." Defendant's counsel inquired, "I'm a little bit unclear as to the basis for the denial of even striking the 667.5B enhancement." The trial court then clarified that the only thing it was going to do was strike the section 667.5, subdivision (b) one year enhancement. Other than striking the one-year enhancement, the sentence remained the same.

New abstracts of judgment were filed on May 10, 2023, which reflected the striking of the section 667.5, subdivision (b), prior but incorrectly reflected the sentences, as will be discussed, *post.* The new abstracts of judgment reflected the custody credit as 223 days which was 194 actual days and 29 days of local conduct credit under section 4019. Defendant filed his notice of appeal on May 5, 2023.

### DISCUSSION

Defendant contends the trial court erred in choosing to strike the section 667.5, subdivision (b), enhancement but then denying him a full resentencing as required by section 1172.75. He focuses his argument on the claim that the trial court erred by failing to apply the change to section 1170, subdivision (b)(1), which provides that the middle term of a sentencing triad is the presumptive term. Instead, the trial court reimposed the

9

same upper-term sentences on counts 1 and 2.  Defendant also contends the trial court erred by failing to update and recalculate his actual custody credits, and the abstracts of judgment for the indeterminate and determinate sentences are incorrect.

### A.    DENIAL OF RESENTENCING

Section 1172.75, subdivision (a), states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  Section 1172.75, subdivision (b), requires the Secretary of the CDCR to identify all inmates "currently serving a term for a judgment that includes an enhancement described in subdivision (a).  "Upon receiving th[is] information" from the CDCR, "the sentencing court that imposed the enhancement" then "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)."  (§ 1172.75, subd. (c).)  "If the court determines that the current judgment includes an enhancement described in subdivision (a), . . . the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).) Subdivision (d)(2) of section 1172.75 provides, "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

Section 1172.75, subdivision (d)(1) provides that resentencing undertaken "pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear

and convincing evidence that imposing a lesser sentence would endanger public safety." In addition, subdivision (d)(3) of section 1172.75 provides that the trial court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." Additionally, section 1172.75, subdivision (d)(4), provides, "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Defendant contends on appeal that the trial court, by reaffirming the upper terms imposed on counts 1 and 2 and denying a full resentencing, abused its discretion because it failed to consider, discuss or apply the ameliorative changes to section 1170, subdivision (b). Defendant insists that the trial court should have resentenced him to the middle term based on the language in section 1170, subdivisions (b)(1) and (b)(2), which after the passage of Senate Bill No. 567[3] provides that the middle term of a sentencing

---

[3] Stats 2021, c. 731 (S.B. 567), § 1.3, eff. Jan. 1, 2022. Section 1170 was amended effective January 1, 2024, but it did not modify subdivisions (b)(1) or (b)(2). (Stats. 2023, c. 560 (A.B. 1104) § 2.5, eff. Jan. 1, 2024.)

triad is the presumptive term, and the upper term cannot be imposed unless there are circumstances in aggravation that justify exceeding the middle term. These aggravated factors must have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by the jury or by the judge at a court trial.

Defendant also appears to contend the trial court erred by generally failing to apply new sentencing laws. Defendant simply states that the trial court abused its discretion by denying a full resentencing hearing because it should have applied all the applicable sentencing statutes. He provides no further legal authority or argument on how the trial court erred in denying the resentencing other than by failing to consider section 1170, subdivisions (b)(1) and (b)(2). Defendant makes no argument supported by legal authority that the trial court abused its discretion by refusing to strike the prior convictions or address the gang enhancements. We need not make such arguments for defendant and find these claims are forfeited on appeal. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 ["[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration"]) The only issue properly before this court is whether the trial court abused its discretion by denying resentencing on counts 1 and 2 based on the changes to section 1170, subdivisions (b)(1) and (b)(2).

The People, relying on section 1172.75, subdivision (d)(4), argue that the trial court did not abuse its discretion in denying resentencing because it could impose the same sentence on counts 1 and 2 as it did at the original sentencing in 2013. The upper terms were authorized by the plain language of section 1172.75, subdivision (d)(4), which

is an exception to the section 1170 requirement that aggravating factors be found true by a jury beyond a reasonable doubt.

There is a split of authority as to whether section 1172.75, subdivision (d)(4), authorizes the imposition of the upper term without a jury finding on the aggravated circumstances. In *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon*), the appellate court examined the plain language of section 1172.75, subdivision (d)(4), and concluded that if the trial court had originally sentenced the defendant to the aggravated term and the court reimposes that term, the People are not required to prove aggravating factors beyond a reasonable doubt at a section 1172.75 resentencing hearing. (*Brannon*, at pp. 466-467.) The appellate court concluded that section 1172.75, subdivision (d)(4), is "an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon*, at p. 467.)

In *People v. Gonzalez* (2024) 107 Cal.App.5th 312, the defendant argued on appeal that the trial court "failed to properly apply section 1170, subdivision (b)(2), because the aggravating factors identified in support of the upper term were not proven beyond a reasonable doubt by a jury or court, or previously stipulated. In so arguing, he claims that this court must 'reconcile' section 1170, subdivision (b)(2) with section 1172.75, subdivision (d)(4), which might be interpreted to not require the court to identify aggravating factors if the defendant was previously sentenced to the upper term. Gonzalez specifically argues that because section 1170, subdivision (b)(2) triggers a constitutional right to findings of fact regarding aggravating factors, the same standard should equally apply to section 1172.75, subdivision (d)(4)." (*Id.* at p. 327.) The People

in response relied on the plain language of section 1172.75, subdivision (d)(4), and argued, "that under the plain language of the statute, an admission or jury finding on circumstances in aggravation is only required if the resentencing court newly imposes an upper term, not if an upper term sentence was previously imposed. . . . this language [is] an 'exception' to the requirement under section 1170, subdivision (b), that any aggravating circumstances be proven beyond a reasonable doubt or stipulated to by the defendant." (*Gonzalez*, at p. 328.) The appellate court stated the plain language of section 1172.75, subdivision (d)(4), could reasonably be interpreted to "simply restrict the scope of defendants eligible to receive the upper term at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term. Under such an interpretation, a defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact." (*Gonzalez*, at p. 329, italics. omitted.) The appellate court concluded, "the statutory interpretation for section 1172.75, subdivision (d)(4), which simply restricts the scope of defendants eligible to receive the upper term, allows us to read the statute in a manner that is internally consistent and avoids running afoul of the Sixth Amendment. Under such an interpretation, a defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact." (*Id.* at p. 330, italics omitted.)

We need not resolve this conflict based on (1) defendant being sentenced on the carjacking to a mandatory 15-years-to-life sentence, which did not involve the trial court's discretion to impose the upper term; and (2) defendant has waived any claims as to the trial court's exercise of its discretion to deny resentencing as to count 2.

As to count 1, the carjacking, defendant was originally sentenced in 2013. At that time, the trial court stated that it was imposing a 15-years-to-life sentence based on the section 186.22, subdivision (b)(1)(c), enhancement. Carjacking has a triad of imprisonment of three, five or nine years. (§ 215, subd. (b).) Section 186.22, subdivision (b)(1), provides "Except as provided in paragraphs (4) and (5), a person who is convicted of a felony committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the person has been convicted, be punished as follows: [¶] (C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years." However, section 186.22, subdivision (b)(4)[4] provides, "A person who is convicted of a felony enumerated in this paragraph committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, shall, upon conviction of that felony, be sentenced to an indeterminate term of life

---

[4] In 2013, the wording of section 186.22, subdivision (b)(1)(c) and (b)(4)(B) were the same. (Stats. 2011, c. 39 (A.B. 117) § 7, eff. June 30, 2011, operative Jan. 1, 2012.)

15

imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] . . . [¶] (B) Imprisonment in the state prison for 15 years, if the felony is a home invasion robbery, in violation of subparagraph (A) of paragraph (1) of subdivision (a) of Section 213; carjacking, as defined in Section 215; a felony violation of Section 246; or a violation of Section 12022.55."[5]

The trial court imposed the mandatory sentence of 15 years to life for the carjacking and the gang enhancement. "Section 186.22, subdivision (b)(4), not subdivision (b)(1)(C), is applicable if the felony committed to benefit a criminal street gang is 'a home invasion robbery [or] carjacking . . . .' [Citation.] Rather than a determinate term enhancement, section 186.22, subdivision (b)(4), provides for an indeterminate life term as a *mandatory alternate penalty* 'with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (A) The term determined . . . pursuant to [the determinate sentencing law] for the underlying conviction . . . [or] [¶] (B) [i]mprisonment in the state prison for 15 years." (*People v. Sok* (2010) 181 Cal.App.4th 88, 96, italics added.) The trial court did not in its discretion impose the upper term on the carjacking count but rather the mandatory alternative sentence of 15 years to life as required by section 186.22, subdivision (b)(4)(B). As such, section 1170,

---

[5] The People contend that defendant was sentenced to the middle term of five years for the carjacking plus 10 years for the section 186.22, subdivision (b)(1)(C) enhancement. However, this sentence would not be a life term sentence and section 186.22 clearly provides that carjacking is sentenced pursuant to section 186.22, subdivision (b)(4)(B).

subdivision (b), did not provide authority for resentencing defendant to the middle term on count 1, the carjacking.

On count 2, the trial court did impose the upper term of three years on the taking or driving a motor vehicle, doubled for the prior strike conviction. Defendant has forfeited his claim on appeal that the trial court abused its discretion by failing to resentence him on count 2 to the middle term.

In the lower court, despite submitting numerous briefs to the trial court, defendant never provided an argument to the trial court as to the imposition of the middle term on count 2. For the first time, at the hearing, defendant stated an additional argument to the trial court: "And then lastly, we also believe that [defendant] should be receiving the midterm sentence on each of the counts. The only aggravating factors that the Court can use are those that were proven beyond all reasonable doubt by the jury. That was not done in this case. The one exception is the prior conviction, which the Court can make its own findings on and which has already been admitted and that could be used." Defendant's counsel argued that the prior conviction did not support the upper term as it was 20 years old, and defendant was only 18 years old at the time he committed the prior conviction. "So we do not believe that is an aggravating factor supporting the upward term sentences, and we believe that the midterms are appropriate."

Section 1170, subd. (b)(3), provides that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." In *People v. Wiley* (2023) 97 Cal.App.5th 676, review granted March 12, 2024, S283326,[6] the appellate court found that the trial court could consider a certified copy of the prior conviction both for the "fact of a prior conviction and 'other related issues' " including aggravating factors such as increasing seriousness of convictions or poor performance on probation. (*Id.* at pp. 685-687}

Defendant seemingly conceded in the trial court that the trial court had the record of the prior conviction before it and simply argued that the prior conviction should not be used as an aggravating factor based on the age of the conviction and that he was young when it was committed. The trial court was aware, based on defendant's argument made in court, that it was defendant's position that the upper term was not appropriate because the middle term was the presumptive term. Defendant on appeal fails to argue that the trial court abused its discretion by relying on the prior conviction or that there was a lack of evidence of the aggravating factor based on no certified copy being provided to the trial court. Defendant also fails to address section 1170, subdivision (b)(3). Defendant's argument that the trial court did not "consider or apply" section 1170 is belied by the record as it is presumed that the trial court considered defendant's arguments in denying the section 1172.75 petition. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The

**6** The California Supreme Court in granting review ordered that the court of appeal opinion could be cited for persuasive value.

18

court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].) Defendant's failure to provide any further argument that the trial court abused its discretion or that the record lacks evidence of the prior conviction or other aggravating factors, forfeits the claim on appeal. (*People v. Stanley*, *supra*, 10 Cal.4th at p. 793.) As such, we affirm the trial court's denial of the petition for resentencing finding that defendant has forfeited any argument that the trial court abused its discretion by refusing to resentence him on count 2.

B. CUSTODY CREDITS AND ABSTRACT OF JUDGMENT

Defendant contends the trial court erred by failing to update or recalculate his actual custody credits at the time it struck the section 667.5, subdivision (b), enhancement and that he is entitled to a calculation of the credits since the original judgment and sentencing on October 23, 2013. The abstracts of judgment incorrectly provide the original actual custody credits awarded in 2013 of 194 days. The People concede the error and agree that the matter should be remanded to the trial court for it to calculate the actual days defendant spent in custody and to prepare updated abstracts of judgment.

When a prison term "already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29; see also § 2900.1 ["Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of

19

imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts"].)  Here, the trial court reduced defendant's sentence by one year when it struck the section 667.5, subdivision (b), enhancement.  It did not recalculate defendant's actual custody credits.  As such, we will order remand for the trial court to calculate the actual custody credits.

Additionally, the abstracts of judgment do not reflect the correct sentence.  The abstract of judgment filed on May 10, 2023, for the indeterminate term, reflects that the trial court stayed the 30-years-to-life sentence on the carjacking.  The correct sentence on the carjacking was an imposed sentence of 30-years-to-life.  In addition, the abstract of judgment filed on May 10, 2023, for the determinate sentence, reflects that defendant was sentenced to a 30-year sentence on count 2 and that such sentence was stayed.  This sentence is incorrect as the proper sentence, after this court on appeal ordered that the sentence on count 2 be stayed pursuant to section 654, should have been six years, which was stayed.

At the time the trial court recalculates the actual custody credits, it shall also prepare new abstracts of judgment to reflect the actual custody credits and to properly reflect defendant's sentence.

**DISPOSITION**

We affirm the trial court's ruling denying defendant full resentencing under section 1172.75.  The matter is remanded for the sole purpose of the trial court to calculate the correct actual custody credits, and to prepare new abstracts of judgment reflecting the proper custody credits and defendant's correct sentence.  The trial court is directed to

20

forward a certified copy of the amended abstract of judgment to the Department of

Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

21